## STATE ex rel. BANK OF CRANE, Relator, v. HAWKINS et al., Respondents.

### St. Louis Court of Appeals, February 18, 1908.

1. **COUNTY COURTS: Depositary of County Funds: Discretion of County Court.** Under the concluding proviso of section 6819, Revised Statutes 1899, as amended by the Act of 1901, a county court has discretion to reject any bid made by a banking institution for position of county depositary, whose solvency or business methods would, in the opinion of the court, put to hazard the funds of the county or involve it in litigation.

2. ———: ———: **Prohibition.** The designation by the county court of a depositary for the county funds is an exercise of a ministerial function and the exercise of that function cannot be controlled or regulated by prohibition.

### Original Writ of Prohibition.

ABSOLUTE WRIT DENIED AND PROCEEDING DISMISSED.

*Edw. J. White* for relator.

The remedy by prohibition is the only adequate and proper proceeding in this case. R. S. 1899, sec. 4448; 16 Enc. Pl. & Pr., p. 1115; State ex rel. v. Elkins, 130 Mo. 90; Howard v. Peirce, 38 Mo. 296; State ex rel. v.

Alleer, 45 Mo. App. 551; State ex rel. v. Hirzel, 137 Mo. 447; Harrison County v. Burris, 84 Mo. App. 654. Mandamus will not lie to correct the illegal acts of the respondents in this case. State ex rel. v. McGrath, 91 Mo. 386. It was the legal duty of the county court to designate as the county depositary, the banking corporation or individual banker, offering to pay to said county "the largest rate of interest per annum."

W. E. Renfro and Charles L. Henson for respondents.

And while, as shown, prohibition never lies to compel the performance of a ministerial act, still it does not lie, in every case, where the act complained of and sought to be prohibited is judicial in character. And it is well settled that it will not lie if appeal, writ of error or certiorari will lie. State ex rel. v. Stobie, 194 Mo. 16; State ex rel. v. Seay, 23 Mo. App. 623; State ex rel. v. Goodier, 196 Mo. 551; Railroad v. Woodson, 110 Mo. App. 208. McWilliams v. Barnes, 115 Mo. App. 6.

BLAND, P. J.—In response to a notice duly given by the county clerk of Stone county, under the provisions of section 6817, article 6, chapter 97, entitled "County Depositary," R. S. 1899, that the county court of said county would, on May 6, 1907, receive sealed bids from banking institutions in the county to become depositary of the fund of· said county, the Bank of Crane submitted a proposal offering to pay 5 3-4 per cent on daily balances; the Farmers & Merchants' Bank submitted a proposal to pay 5 1-2 per cent on daily balances; and the Bank of Galena a proposal to pay 5 1-2 per cent on daily balances. Each of these bids was accompanied by ·a check exceeding in amount one-half of one per cent of the county revenue the preceding year as a guarantee of the good faith of the bidder, and as required by section 6818 of the chapter. The Bank

of Crane also deposited with the clerk of the county court its bond in the sum of $50,000, conditioned as required by section 6820 of the chapter, which bond was executed by said bank and signed by twenty-five sureties who own unincumbered real estate in this State of the aggregate value of $100,000. The county court opened the three bids on May sixth and continued the award until May eleventh, when it rejected the bid of the Bank of Crane and that of the Farmers & Merchants Bank and selected the Bank of Galena as county depositary for the ensuing two years. On May 13, 1907, one of the judges of this court, in vacation, on the application of the Bank of Crane, issued a preliminary rule prohibiting the defendant justices of the county court from taking any further action in the matter of selecting a county depositary for the funds of said Stone county. Defendants have made and filed their return to the preliminary rule, setting up the facts above related, and also the following additional facts: That the Bank of Galena, on May fourteenth, and before the service of the preliminary rule issued herein, complied with section 6820, supra, by filing with the clerk of the county court a good and sufficient bond as county depositary; that the adjournment for consideration of the bid from May sixth to May eleventh was made at the special instance and request of the Bank of Crane, and copied into their return the following entry of record made by the county court on May eleventh, to-wit:

"The court, after a full and fair investigation, and being fully advised in the premises, finds that the county's interests will be best subserved by a rejection of the Bank of Crane's proposal for the following reasons, to-wit:

"First. The Bank of Crane having been the county depositary for the previous two years, the court finds that the business of the depositary in the matter of handling the funds has not been conducted in a man-

ner satisfactory with the county's interests, and that while said depositary filed a bond indemnifying the county, the court deemed it advisable to avoid expensive litigation, if such emergency should arise in the ensuing term, by selecting a depositary, if possible to do so, of such character as will transact the business in a satisfactory manner.

"Second. The court, through its agent, L. U. Crawford, for the purpose of enabling the said Crawford to check up and audit the accounts of the county treasurer, requested said bank to render a statement of moneys on hand in the depositary at the close of business on the fifteenth day of April, 1907. Said bank reported the amount on hand at that time as being $14,336.45, when as a matter of fact there was $15,012.39.

"It is therefore ordered and adjudged by the court that the Bank of Crane's bid be, and is hereby rejected.

"It is further ordered and adjudged by the court that the proposal submitted by the Farmers and Merchants Bank be and it is hereby rejected.

"Whereas, the Bank of Galena offered the highest and best bid, it is ordered and adjudged by the court that said bank be and it is hereby selected and appointed by the court as such depositary for the ensuing term of two years from the date of the approval of such bond as the law requires."

It is asserted by the relator that the error in the balance deposited to the credit of the county in the Bank of Crane, on April 15, 1907, was due to an error in the drawing of certain checks in the individual name of the treasurer instead of in his official name. There is no allegation in the return that the treasurer was found short in his accounts, or that the Bank of Crane had so conducted its business as depositary as to involve, or threaten to involve, the county in litigation. The proceeding is in prohibition which will not lie, un-

less it appears from the facts stated in the return that
the county court exceeded its jurisdiction in rejecting
the bid of the Bank of Crane. Relator's contention is
that as it was the highest and best bidder, the county
court was bound to accept its bid and designate it as
depositary of the county fund for the ensuing two years;
to the contrary, defendants contend they had a right to
reject the relator's bid and to select the Bank of Galena
as county depositary if, in the judgment of the county
court, it was to the best interest of the county to reject
the highest bid and accept a lower one. These opposing
views must be settled by a construction of section 6819,
of the chapter, as amended in 1901. As amended the
first clause of the section reads as follows:

"It shall be the duty of the county court at noon
on the first day of May term of said court in 1891 (1901),
and every two years thereafter, to publicly open said
bids and cause each bid to be entered upon the records
of the court, and to select as the depositary of the coun-
ty funds, district school funds and capital school funds
not otherwise invested according to law, the banking
corporation, association or individual banker offering to
pay to said county the largest rate of interest per annum
for said fund: Provided, that the court shall have the
right to reject any and all bids."

Prior to 1895, the treasurer of the State and the
treasurers of many of the counties of the State derived
a profit from the State and county funds by receiving
interest thereon from banking corporations in which
they deposited said funds. Section 17, article 10, of
the Constitution of 1875, declares the making of profit
out of State, county, city, town or school district money,
or the use of the same for any purpose not authorized
by law, by any public officer, to be a felony; and section
15, of the same article, makes provision for the deposit
of all State moneys at interest for the benefit of the
State. In pursuance of this declared policy of the State,

the Legislature enacted the county depositary law. This policy prohibits all forms of graft by public officers in the handling or depositing of public funds and forbids all favoritism in the selection of banking institutions as depositaries of said funds. Keeping this policy in view, the county depositary act should be so interpreted as to effectuate the purposes the Legislature had in view when enacting it, that is, that the county should receive the benefit of the highest rate of interest obtainable on the county funds, at a minimum risk of losing said funds, or any part thereof. This would not be accomplished by the selection of a depositary of doubtful solvency, or whose business methods are not consistent with safe and sound rules of banking. The county courts are by law made the agents of the counties for the transaction of all county business, and the Legislature, in its wisdom, delegated to these courts the power and the duty of selecting depositaries for the funds of the counties, and gave them the right to exercise, not arbitrary power, but a sound discretion in making such selection, by providing that they might reject any and all bids for the fund. Without this proviso it would be the imperative duty of the county courts to designate the banking institution making the highest bid as county depositary and to award to it the funds, on the execution of a solvent bond. The proviso modifies the imperative words of the statute, not by leaving it to the discretion of the county courts to select or refuse to select a depositary at all, but to reject any bid made by a banking institution whose solvency or business methods would, in the opinion of the courts, put to hazard the funds of the county, or involve it in litigation in respect thereto. Under the statute, the designation of the depositary is an act in the administration of the financial affairs of the county, and the exercise of a ministerial or executive function conferred upon the county courts by the Legislature. That the

exercise of such a function cannot be controlled or regulated by prohibition is the well-settled law of this State. [State ex rel. West et al. v. Clark Co. Ct. et al., 41 Mo. 44; Vitt v. Owens et al., 42 Mo. 512; Hockaday et al. v. Newsom, 48 Mo. 196; School Dist. v. Burris, 84 Mo. App. 654; High on Extraordinary Legal Remedies (3 Ed.), sec. 669.] Therefore, we conclude that the preliminary writ should be discharged and the cause dismissed at the cost of the petitioner. It is so ordered. All concur. ,