## JAMIESON v. STATE BOARD OF MEDICAL EXAMINERS.

No. 4718.    Opinion Filed March 25, 1913.

(130 Pac. 923.)

1.  **PROHIBITION—Ministerial Functions.**    A writ of prohibition will not lie to an executive or ministerial board to prohibit it from the performance of ministerial or executive functions.

2.  **SAME—State Medical Examiners—Revocation of License.**    The State Board of Medical Examiners in hearing charges filed before it pursuant to Comp. Laws 1909, secs. 4242-4264, for the purpose of having revoked a license theretofore issued by it to practice medicine and surgery in the state, on the ground that the same had been obtained through fraud, and also charging the certificate holder with unprofessional conduct, is engaged in the performance of a ministerial duty, and does not exercise judicial power, and a writ of prohibition thereto will not lie.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Application by H. L. Jamieson for writ of prohibition against the State Board of Medical Examiners.    Writ denied, and plaintiff brings error.    Affirmed.

*J. M. Springer,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., for defendant in error.

TURNER, J.    On April 1, 1912, H. L. Jamieson, plaintiff in error, filed his petition in the district court of Logan county, and prayed for a writ of prohibition against the State Board of Medical Examiners of the state of Oklahoma and H. C. Manning, J. B. Murphy, and Alta McCarthy, prohibiting the board from proceeding to hear and determine certain charges set forth in a certain complaint filed by Manning and Murphy, president and secretary, respectively, of the board, the object of which was to have revoked the license of plaintiff, theretofore issued by the

board, to practice medicine and surgery in the state, on the ground that the same had been obtained through fraud; also from proceeding to hear and determine the complaint of Alta McCarthy charging him with unprofessional conduct, with the same object in view.

From the judgment of the court upon the issues joined on the petition and the return to the writ, the trial court, in effect, held defendant to be an executive or ministerial board, to which the writ could not run, and plaintiff brings the case here. There was no error in this. The inquiry sought to be prohibited by the writ is in no sense the exercise of a judicial function by the board, and hence the writ cannot rightfully run against it. The act creating the board is found in Comp. Laws 1909, c. 64, and is entitled:

"An act to define and regulate the practice of medicine; to create a Board of Medical Examiners for the examination and licensing of physicians and surgeons, and to prescribe their qualifications; to provide for their proper regulation, and to provide for the revocation of their license; to require itinerant vendors to procure a county license and to fix suitable penalties for the violation of this act, and repealing laws and parts of laws in conflict herewith."

Section 1 of the act provides for the establishment of the board and for the filling of vacancies thereon. The next section prescribes the oath to be taken by each member of the board, and for its organization. The next three sections provide for the keeping of its records, its meetings, and its rules. The next, in effect, provides that every person before practicing medicine and surgery in the state, must have the credentials therein provided for; that, in order to procure them, he must produce satisfactory evidence of good moral character and a diploma issued by some legally chartered medical school or college, the requirements of which shall have been at the time of granting thereof in no particular less than those prescribed by certain colleges therein specified; or come up to another certain standard therein named. It also provides for the examination of the applicant, and makes certain other provisions. The next section provides that the board may at its discretion accept and register upon pay-

ment of a fee, without examination of the applicant, the certificate issued to him by the board of another state. The next section provides for the grading of applicants, and that temporary permits may be granted until a certain time. The next section provides that a certificate shall issue to the applicant when he shows himself possessed of the qualifications therein required, and the next section for the recording of his certificate, and the next, for a medical register. The next section, among other things, provides, in effect, that when a holder of a certificate issued as therein provided shall be guilty of unprofessional conduct as therein defined, and the same is brought to the attention of the board granting said certificate, in the manner therein set forth, it shall be their duty to, and they must, at once revoke the same, and the holder of such certificate shall not thereafter be permitted to practice medicine and surgery in the state, but that no such revocation shall be made unless the holder is cited to appear, and the same proceedings are had as thereinbefore provided in case of refusal to issue certificate. Said procedure is, in effect, that citation is directed to issue to the holder of the certificate sought to be canceled by the board upon complaint filed before it and for the filing of a written answer under oath within twenty days after the service on him of the said citation. Upon the issues joined, a trial is directed to be had, and judgment rendered by the board for or against the revocation. The section then proceeds to define "unprofessional conduct," and states that the same is not intended to exclude other acts for which license may be revoked on the ground of unprofessional conduct.

Further recitation of the act is unnecessary. It is sufficient to say of said act that the same is of like effect to the act under construction in *State ex rel. v. Goodier et al.,* 195 Mo. 551, 93 S. W. 928, which was an application for a writ of prohibition against the State Board of Health to prohibit it from proceeding to hear a complaint for the revocation of a physician's certificate theretofore issued by the board as here. The writ was denied upon the ground that the same would not run to an executive or an administrative board. The court in passing said:

"The state board of health is not a court—is not a judicial tribunal. It can issue no writ. It can try no case—render no

judgment. It is merely a governmental agency, exercising ministerial functions. It may investigate and satisfy itself from such sources of information as may be attainable as to the truth or falsity of charges of misconduct against one holding one of its certificates, but its investigation does not take on the form or character of a judicial trial."

And in the syllabus:

"Under Rev. St. 1899, sec. 8514, relative to the practice of medicine and surgery, declaring that the State Board of Health may refuse a license to practice medicine to any one guilty of unprofessional or dishonorable conduct, and may revoke licenses for like causes after giving the accused an opportunity to be heard in his defense before the board, the action of the board in revoking a license is not a judicial action and cannot be regulated by the writ of prohibition."

In *State ex rel. Elkin,* 130 Mo. 90, 30 S. W. 333, 31 S. W. 1037, the court said:

"A writ of prohibition is applicable whenever judicial functions are assumed which do not rightfully belong to the person or court assuming to exercise these functions."

And in *Higgins v. Talty,* 157 Mo. 280, 57 S. W. 724, where charges of keeping a disorderly house had been preferred against a dramshop keeper and Higgins, the excise commissioner, had cited him to show cause why his license should not be revoked, and where the dramshop keeper applied to the circuit court for a writ of prohibition against the commissioner to prohibit him from trying petitioner on the charges, because so to try him, he says, was an exercise of a judicial function which, under the Constitution, could be exercised only by a court, the Supreme Court of Missouri said:

"The proceeding was merely by way of investigation, and was in no sense a trial; that the excise commissioner, in proceeding to investigate the charges, 'was not acting judicially, but under the power conferred upon him by statute with respect to the subject-matter over which he has exclusive control'"

—and denied the writ.

Further citation of authority is unnecessary, as our own court has practically decided the question here involved in *State of Okla. ex rel. Caldwell v. Vaughn et al.,* 33 Okla. 384, 125 Pac. 899, members constituting the county election board of Cus-

ter county. Caldwell brought suit in the superior court of Custer county for a writ of prohibition against the election board in that county to prohibit it from placing the names of proposed candidates upon the primary election ballot for the office of clerk of the superior court in that county, and from placing upon the general election ballots the name of any candidate or nominee for the same. Affirming the judgment of the trial court denying the writ, this court in the syllabus said:

"The writ of prohibition will not lie to an executive or ministerial board to control or regulate it in the performance of a ministerial or executive function. A county election board in placing upon the ballots for a primary election the names of candidates for nomination by the different political parties for the different officers to be elected by the county is engaged in the performance of a ministerial duty and does not exercise judicial power."

See, also, *Meffert v. Packer et al.,* 95 U. S. 625, 25 Sup. Ct. 790, 49 L. Ed. 350.

It is unnecessary to consider other questions raised in the briefs. The judgment of the trial court is affirmed.

All the Justices concur.