## READDY v. MALLORY *et al.*

No. 7763. Opinion Filed May 2, 1916.

(157 Pac. 742.)

**MUNICIPAL CORPORATIONS — Prohibition — Removal of Officers.**
Under authority of sections 545 and 550, Rev. Laws 1910, the mayor and city council of a city have authority to remove a marshal upon any of the grounds named in said section 550, and prohibition will not lie to prohibit said mayor and council from hearing any of the charges against said marshal enumerated in said section 550, and, if such charges are found to be true. removing him.

(Syllabus by Collier, C.)

*Error from District Court, Pawnee County;*
*Conn Linn, Judge.*

Prohibition by Isom Readdy against A. B. Mallory and others. Writ of prohibition quashed, petition dismissed, and petitioner brings error. Affirmed.

*Redmond S. Cole,* for plaintiff in error.

*Frank C. Shoemaker* and *L. V. Orton,* for defendants in error.

Opinion by COLLIER, C. Plaintiff in error was marshal of the city of Pawnee, and Mayo Bellew, a citizen of

said city, filed with the mayor of said city of Pawnee amended charges against said marshal, alleging as follows:

"Comes now Mayo Bellew and represents to mayor and council the following state of facts:

"That Isom Readdy, the duly elected, qualified, and acting city marshal of the city of Pawnee, Okla., has been guilty of misconduct, irregularity, and abuse of the power of his office, in the following particular, to wit: That on or about the —— ——day of August, 1915, the said Isom Readdy, city marshal, arrested two young men within the limits of the city of Pawnee, Okla., on some pretended charge, and incarcerated said two young men in the city jail of Pawnee, Okla.; that the names of said young men arrested are unknown to your petitioner; that while said two young men were in jail, and that while the said Isom Readdy was on duty as an officer, he, the said Isom Readdy, wholly in violation of his duties as an officer, and without any law or authority, went to divers persons hereinafter named and connived with said persons and got them to start, form, and get up a mob for the purpose of going to the city jail aforesaid, and to make a demonstration for the purpose of frightening, scaring, and intimidating the said two young men who were in jail; that in forming and getting up said mob, he, the said Isom Readdy, got Phil Banks, Ray Bellew, Howard Cargyle, Z. A. Kelly, Harry Slocum, and others whose names are unknown to your petitioner, about 12 in number altogether, to organize and form said mob and congregation, and to go to the said city jail; that the said Isom Readdy, wholly in violation of his duties as an officer, and unlawfully and without warrant or permission or authority, went to said city jail with the said mob, or immediately thereafter, and opened or caused to be opened, and he, the said Isom Readdy, permitted said mob, composed of the persons hereinbefore mentioned, and others whose names are unknown to your petitioner, to enter and to go into said

jail, where said two young men were incarcerated, and he permitted said mob to swear, yell, and scare, harass, and annoy said two young men who were in jail; that one of the young men in jail fainted, and they were both scared, annoyed, frightened, and afraid.

"That such conduct on the part of Isom Readdy was unbecoming of an officer, and was misconduct, and was an abuse of power of his office, and said acts on the part of the said Isom Readdy were brutal, and on account of such facts, the said Isom Readdy should be removed from office.

"Wherefore your petitioner, Mayo Bellew, prays that a day be set down for the hearing of this petition or complaint, and that proper notice be given to the said Isom Readdy so that he may be present and defend this charge, and that upon the hearing of this petition the mayor and council by its order remove the said Isom Readdy from office"

—which was duly verified.

Service of a copy of said charges was accepted by the attorney of Isom Readdy. On the 27th day of September, 1915, the council met at 8 o'clock p. m. at the city council room, and there was present, representing Isom Readdy, Erwin McNeil, of the firm of McNeil & McNeil, and the said council adjourned until the 28th day of September at the hour of 8 o'clock p. m. On the 28th day of September at the hour of 8 o'clock p. m. the said matter came on for hearing, and Mayo Bellew was represented by L. V. Orton, his attorney, and said marshal was represented by Redmond S. Cole, and the motions filed by the said Redmond S. Cole were overruled, and the demurrer to the amended charges was overruled also, and, the matter was set down for hearing on October 2, 1915, at the

council room in the city hall in the city of Pawnee, Pawnee county, Okla.

On the 2d day of October, 1915, on a petition filed by said plaintiff in error, a writ of temporary prohibition was issued, service of which was accepted by the defendants in error, which said writ, omitting the caption, is as follows:

"Now on this 2d day of October, 1915, comes Isom Readdy and presents to the undersigned judge of the district court of Pawnee county, Okla., a petition for a writ of prohibition, said verified petition having heretofore been filed with the court clerk of Pawnee county, Okla., and the clerk of this court, directed to the above-named defendants, prohibiting them and each of them from further prosecution of a certain proceeding in a certain case now pending in said city council of Pawnee, Okla., wherein Mayo Bellew complains of the official acts and misconduct of Isom Readdy as city marshal, the same being a pretended civil action for the purpose of removing the said Isom Readdy, city marshal, from his said office, and the undersigned judge, having heard read the said verified petition and the record filed therewith, and on consideration thereof, orders that the said defendants, A. B. Mallory, as mayor of the city of Pawnee, Okla., Charles Foreman, Ennis Swalley, G. R. Thompson, B. N. Hope, Fred Winrow, B. E. Ford, Charles Dawson, and T. C. Goff, as councilmen of the city of Pawnee, Okla., appear before the district court of Pawnee county, Okla., on the 6th day of October, 1915, at 5 o'clock p. m., and show cause, if any they have, why a writ of prohibition should not be issued as prayed for in said petition of Isom Readdy.

"Now, therefore, until such time as is herein given you to make return of this writ, you are restrained and prohibited and enjoined from proceeding with said cause, and it is ordered by the court that you absolutely desist

from any further proceedings in the premises until the further order of this court.

"It is further ordered that a copy of this writ be served upon the defendants and each of them.

"In witness whereof I have hereunto set my hand this second day of October, 1915."

Thereafter plaintiff in error filed an amended petition, and upon the filing of said amended petition defendants asked leave of the court to refile the writ and motion to quash said writ, which leave was granted, and said return and motion were then and there refiled in said case. Thereupon the court rendered judgment quashing said writ and dismissing the petition of the plaintiff, as shown by the following journal entry, which, omitting the caption, is as follows:

"And now on this 12th day of October, 1915, the above matter came on for hearing, upon the return and motion of defendants asking that the temporary or alternative writ of prohibition be dissolved and quashed; the plaintiff being represented by his attorney, Redmond S. Cole, and the defendants being represented by Frank C. Shoemaker, city attorney.

"The plaintiff asks and is given leave to file an amended petition, to which the defendants except, and the defendants ask leave to refile their return and motion as against said amended petition, which leave was granted and the same was refiled.

"After hearing the argument, and being fully advised in the premises, the court finds that the temporary or alternative writ of prohibition heretofore granted should be dissolved, set aside, and held for naught, and the action should be dismissed at the cost of the plaintiff.

"It is therefore by the court ordered and adjudged and decreed that the alternative or temporary writ of pro-

hibition be, and the same is hereby, quashed and dissolved, and the action is dismissed at the costs of the plaintiff, to which the plaintiff ex. epts. Whereupon the plaintiff prays an appeal to the Supreme Court, and asks that the court supersede the judgment, which the court refuses to do, to which ruling of the court the plaintiff excepts. The plaintiff, however, is given two days in which to make and serve a case-made or transcript, and the defendants are given one day thereafter to suggest amendments, the case-made or transcript to be signed and settled on one day's notice by either party."

To which said ord· ;:ashing said temporary writ and dismissing the petition of plaintiff and taxing the plaintiff with costs the plaintiff in error duly excepted, and thereon brings error.

We are first met with a motion on the part of defendant to dismiss this appeal, which, upon due consideration, is overruled. There is, in fact, but one question raised by the record in this case, and that is whether or not the mayor and city council of the city of Pawnee have authority to remove the said marshal from office.

Section 545, Rev. Laws Okla. 1910, provides:

"The council may, by a vote of a majority of all the members to be entered upon the journal, remove for cause any officer except the mayor."

Section 550, Rev. Laws Okla. 1910, provides:

"Upon complaint of the mayor, or president or acting president of the council, that any marshal, assistant marshal or policeman has been intoxicated, or has been gambling, or has abused the power of his office, or been guilty of a brutal or indecent act, or taken or received money, property, or valuable things whatever, other than his legal salary, or fees as a consideration for doing or omitting to do any particular act, or has refused to make an arrest in

the proper case, or consented to, or connived at, the escape of any person legally arrested, and in custody, the officer so receiving such complaint shall lay the same before the council, at their first meeting thereafter. The council shall carefully and honestly inquire as to the truth of such complaint, and if they find the accused guilty, they shall forthwith, by order to be entered on their journal, remove him from office; and he shall not be again appointed to such office unless two-thirds of the councilmen elect consent thereto."

It is contended by plaintiff in error that such sections are not the law, and in support thereof he cites cases of this court handed down prior to the adoption of the Harris-Day Code (Rev. Laws 1910), which contention we think does not deserve the slightest consideration.

Whether or not the laws contained in the Harris-Day Code were ever previously enacted by the Legislature of this state, or were written in said Code by the codifiers without having previously been enacted into law by the Legislature of this state, the adoption of said Code by the Legislature gave life and force to every section of said Code, including said sections 545 and 550, and the said sections not having been repealed, the mayor and city council, for proper cause, have the unquestioned right to remove a city marshal, and the temporary writ of prohibition issued in this case was issued without the slightest authority of law, and the court on motion so to do properly quashed the same, dismissed the petition on which the same was granted, and taxed the plaintiff in error with costs.

"A writ of prohibition will not lie to an executive or ministerial board to prohibit it from the performance of ministerial or executive functions." (*Jamieson v. State Board of Medical Examiners*, 35 Okla. 685, 130 Pac. 923.)

"The writ of prohibition may not be used for the purpose of a proceeding in error, so as to review the action of the lower court, when such court has jurisdiction of the subject-matter and of the parties, so as to correct an error of such trial court." *(State ex rel. Atty. Gen. v. Huston,* 27 Okla. 607, 113 Pac. 190, 34 L. R. A. [N. S.] 380.)

"It is a principle of universal application which lies at the very foundation of the law of prohibition that the jurisdiction to issue is strictly confined to cases where no other remedy exists, and a sufficient reason for withholding the writ is that the party aggrieved has another and complete remedy at law." (High, Ex. Rem. sec. 770.)

"Prohibition is an extraordinary writ, only to be resorted to when its exercise is necessary to give a general superintendence and control of inferior jurisdiction; never to be resorted to except in cases of usurpation and abuse of power, and not then unless other remedies are ineffectual to meet the exigencies of the case." *(Goodwin, Judge, et al. v. State ex rel. Wakefield et al.,* 145 Ala. 536, 40 South. 122.)

The appeal in this case is without the slightest merit, and the judgment of the lower court should be affirmed.

By the Court: It is so ordered.