## QUICK v. CITY of FAIRVIEW.

No. 19712. Opinion Filed Sept. 9, 1930.

Simons, McKnight, Simons & Smith, for plaintiff in error.

John Butler and P. C. Friesen, for defendant in error.

RILEY, J. Elmer Quick sued the city of Fairview for the sum of $1,000 and interest, alleging that on April 7, 1925, he was duly elected city marshal of Fairview; that he qualified as such marshal on May 4, 1925, and exercised the duties of said office until June 29, 1926, when he was unlawfully removed from his office and denied his salary for the balance of his term, though the same was properly claimed.

The city of Fairview answered, admitting all material allegations of plaintiff's petition, but alleged an affirmative defense in this: That plaintiff, Quick, was lawfully removed from the said office on June 29, 1926, and being so removed he was not entitled to pay for the unexpired term of office. More particularly this defense alleged specifically that on June 18, 1926, a complaint containing several charges was filed against the plaintiff as such city marshal under the provisions of section 4519, C. O. S. 1921 (a copy of the complaint and notice was attached).

It is alleged that a hearing was had on the complaint, as provided by law, and that upon vote of the council the plaintiff was removed from his office. A copy of the minutes and proceedings of the council is attached to the answer of defendant city.

The trial court sustained a motion for a directed verdict in favor of defendant, the city of Fairview, upon the ground that the proceeding before the council was a final and judicial determination of the matter of termination of plaintiff's connection with the office of city marshal. Judgment was rendered accordingly, and motion for new trial overruled, and the cause is now presented on appeal.

The question for determination on appeal may be epitomized as follows:

(1) Is authority vested in a city council to remove a city marshal from office as was here done? (a) Is section 4519, C. O. S. 1921, constitutional?

(2) If said city possessed authority as inquired into in (1) above, was such proceeding a judicial determination or merely an executive or administrative act, and (a) if a judicial determination, was it sufficiently pleaded by defendant city so as to render same res adjudicata?

Section 4519, C. O. S. 1921, reads as follows:

"Upon complaint to the mayor, or president or acting president of the council, that any marshal, assistant marshal or policeman has been intoxicated, or has been gambling, or has abused the power of his office, or been guilty of a brutal or indecent act, or taken or received any money, property or valuable things whatever, other than his legal salary, or fees, as a consideration for doing or omitting to do any particular act, or has refused to make an arrest in the proper case, or consented to, or connived at, the escape of any person legally arrested, and in custody, the officer so receiving such complaint shall lay the same before the council at their first meeting thereafter. The council shall carefully and honestly inquire as to the truth of such complaint, and if they find the accused guilty, they shall forthwith, by order to be entered on their journal, remove him from office, and he shall not be again appointed to such office unless two-thirds of the councilmen elect consent thereto."

That section of the statute vests authority in the city council empowering it to act in removal of marshal or policeman.

In Christy v. City of Kingfisher, 13 Okla. 586, 76 Pac. 135, the Supreme Court of the territory construed the statute above mentioned—it was then designated as section 439, Wilson's Statutes—and held same to be in contravention of section 9 of the Organic Act.

The view expressed in the cited cases is that removal of a city marshal under and by virtue of section 439, Wilson's Statutes, is a judicial act. The conclusion reached is based upon the manner or procedure by which removal is had rather than the nature of the right; arbitrary dismissal, it is pointed out, is an administrative act, but removal for cause, which contemplates a hearing with all the attributes thereof, such as the introduction of evidence, a defense, judgment, etc., stamps the proceeding as judicial in its nature.

We adhere to that view and so answer question 2, above.

It was held in the cited case that judicial power could not, by the Legislature, be conferred upon a city council of the territory for the reason that the Organic Act vested judicial power in certain named courts. The situation is far different under the Constitution. Comparison makes obvious the change.

Section 9, Organic Act:

"That the judicial power of said territory shall be vested in a Supreme Court, district courts, probate courts and justice of the peace.* * *"

Section 1, art. 7, Constitution:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts **and such other courts, commissions or boards, inferior to the Supreme Court as may be established by law."**

It was held in State v. Chaney, 23 Okla. 799, 102 Pac. 133:

"For, under our Constitution, judicial power may be conferred upon a mayor and city council. See section 1, art. 7 (Bunn. Ed. par. 169) Const." ·

Consequently, we hold that section 4519, C. O. S. 1921, is not in contravention of section 1, art. 7, of the Constitution.

The question occurs as to whether the statute now exists in fact, for if said statute was repugnant to the Organic Act, and consequently void, it did not extend or remain in force in the state of Oklahoma after the erection of the state, except for a new enactment, although such act would not have been repugnant to the provisions of the Constitution of the state.

This question was settled in the case of Readdy v. Mallory, 57 Okla. 499, 157 Pac 742, wherein it is said:

"It is contended by plaintiff in error that such sections are not the law, and in support thereof cites cases of this court handed down prior to the adoption of the Harris-Day Code (Rev. Laws 1910), which contention we think does not deserve the slightest consideration.

"Whether or not the laws contained in the Harris-Day Code were ever previously enacted by the Legislature of this state, or were written in said Code by the codifiers without having previously been enacted into law by the Legislature of this state, the adoption of said Code by the Legislature gave life and force to every section of said Code, including said sections 545 and 550, and the said sections not having been repealed, the mayor and city council, for proper cause, have the unquestioned right to remove a city marshal. * * *"

That decision cited Jamison v. State Board of Med. Examiners, 35 Okla. 685, 130 Pac. 923, relative to the inability of a writ of prohibition as applied to a ministerial or executive function. Therefrom counsel draws the conclusion that the procedure of removal was held in the decision to be an executive act, but we note also in the decision is cited State ex rel. Atty. Gen. v. Huston, 27 Okla. 607, 113 Pac. 190, for the purpose of showing the writ of prohibition may not be used for the purpose of proceedings in error to review judicial acts. The decisions are harmonious. The statute, section 4519, supra, is now in full force and effect and vests authority in a city council to remove a city marshal from office for cause as provided.

The result reached by the city council in removing plaintiff in error was a judicial determination. We are not concerned with the merit of the cause for removal; as to whether the officer was faithful or derelict in his duties, honest or venal, we express no opinion; the whole evidence is not before us. We do know that charges were preferred, a hearing had, evidence was introduced, and a decision reached removing the plaintiff in error from office. That record as pleaded was sufficient as a defense on the part of defendant in error, to show a legal termination of the relation of plaintiff in error with the city government. That determination is binding upon us and cannot be collaterally attacked as herein sought to be done. Wherefore plaintiff in error is not entitled to recover in this action, salary for the remainder of the term of office. Judgment affirmed.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and ANDREWS, JJ., concur.

SWINDALL, J., disqualified, having participated below. MASON, C. J., absent. ·