## BOARD OF GOVERNORS OF THE REGISTERED DENTISTS OF OKLAHOMA v. BROWN.

No. 27362. Dec. 7, 1937.

Rehearing Denied March 8, 1938.

Mac Q. Williamson, Atty. Gen., (Frank B. Appleman, of counsel), for complainant.

Gerald Spencer, for respondent.

WELCH, J. W. K. Brown complains to this court of the action of the Board of Governors of the Registered Dentists of Oklahoma, ordering his suspension from the practice of his profession.

The Fifteenth Legislature enacted House Bill 173, which is art. 4, ch'ap. 24, S. L. 1935, governing the licensing and practice of dentistry in Oklahoma.

Section 29 thereof in part provides that:

"The board shall have power, after a hearing for any of the causes now existing in the laws of the state of Oklahoma, or for a violation of any acts prohibited herein, warranting revocation of license or suspension or reprimand, to revoke a license of a member. * * *"

And also that:

"The board shall have power to revoke the license of a member hereof or suspend a member from practice or reprove said member upon the following grounds: (a) Upon presentation to the board of a certified copy of a court record showing that a member hereof has been convicted of a crime involving turpitude. * * *"

The facts here are that in the year 1934 Dr. Brown had been prosecuted in district court for the killing of Frank Davis, a negro, by shooting him. Brown's defenses were self-defense and that he shot the negro while the negro w'as engaged in burglarizing an office. The jury there convicted Dr. Brown of manslaughter in the second degree as defined by section 2228, O. S. 1931, 21 Okla. St. Ann. 716. And it was this conviction which was charged against Dr. Brown in the proceedings before the Board of Governors of the Registered Dentists.

Upon hearing, the board found as a matter of law that Dr. Brown h'ad been con-

victed of a crime involving turpitude and ordered that he be suspended for two years.

It is urged that the ruling and decision of the Board of Governors of the Registered Dentists of Oklahoma that the respondent should be suspended from the practice of dentistry for a period of two years is an abuse of discretion, in view of the entire record.

That record discloses that the jury which convicted Dr. Brown in the district court assessed his punishment at a fine and jail sentence; that immediately thereafter a majority of the jurors recommended clemency for Dr. Brown, whereupon he was granted a parole. The record shows that Dr. Brown has practiced dentistry since 1911, and that he has always borne a good reputation as a peaceable, law-abiding citizen, and was in fact a man of good morals and high character, the one blemish on that record being the act which formed the basis of his prosecution and conviction as above mentioned. After his conviction he had continued to practice his profession for more than a year and a half before this proceeding was commenced, and during that time likewise he bore such good reputation and maintained such high standing of character. In addition to this fact shown by evidence, it was affirmatively stipulated to be true in the trial before the board. It must be conceded that one who has practiced his profession for 23 years, maintaining at all times an excellent reputation, and being in fact a man of high character, but who then is guilty of such an act of moral turpitude as was here charged against Dr. Brown, may thereafter so conduct himself by right conduct in his profession and as a citizen as to re-establish himself as a man of high character, notwithstanding such an intervening act which in law amounts to a crime involving moral turpitude. This, Dr. Brown has done, in the interval of more than a year and a half between his conviction in the district court and this trial before the Board of Governors of the Registered Dentists. No other conclusion can be reached in view of the evidence in the record and the positive stipulation at the trial that in fact Dr. Brown was then of good repute and a man of high character.

The board trying Dr. Brown seems to have entertained the view that his conviction of this crime required that they take disciplinary action without regard to the fact that he had so re-established himself. While that view on the part of the board was doubtless in good faith, yet the same was erroneous, and in law constitutes an abuse of discretion, for if it be conceded that one guilty of a prior immoral act may re-establish himself as a man of morality and character, then it is here shown by the evidence and affirmatively conceded by stipulation.

On this appeal it is our duty to conclude, and we do determine, that the order of suspension of the respondent, in view of the entire record, was in law an abuse of discretion on the part of the board. The act requires that this court on appeal shall affirm, reverse, or modify the decision of the board. It is our duty, under this record and for the reasons stated, to reverse the decision of the board ordering the suspension of Dr. Brown, upon the conclusion that it is shown that he is a man of high character and now of unquestioned good repute; and such reversal is therefore ordered.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., concurs in conclusion. GIBSON, J., dissents.

---

GIBSON, J. (dissenting). I disagree with the majority opinion, not because it does not reach the right conclusion, but because I am of the opinion that we have no jurisdiction of the appeal.

The act under consideration in this case (art. 4, ch. 24, S. L. 1935) is analogous in all respects to the Medical Practice Act. Sections 4242-4264, Comp. Laws 1909; sec. 4656, O. S. 1931, as amended by sec. 2, art. 7, ch. 24, S. L. 1935.

In construing the Medical Practice Act we have said that the State Board of Medical Examiners does not exercise judicial power and that its act in revoking or suspending a license is ministerial only. Jamieson v. State Board of Medical Examiners, 35 Okla. 685, 130 P. 923; Freeman v. State Board, etc., 54 Okla. 531, 154 P. 56.

In the absence of constitutional sanction, this court is without power to entertain appeals from orders of administrative boards in matters purely ministerial; that is to say, the Legislature is without power by reason of section 1, art. 4, Constitution, to confer ministerial duties upon the court. Even though the parties have not raised the question of our jurisdiction, it is our duty to determine whether we have jurisdiction of the cause.

I am of the opinion that the appeal should be dismissed.