STATE of Oklahoma ex rel. BOARD OF CHIROPRACTIC EXAMINERS, Plaintiff in Error,

v.

C. L. MYERS, Defendant in Error.

No. 42101.

Supreme Court of Oklahoma.

Nov. 18, 1969.

Rehearing Denied March 31, 1970.

Shapard & Shapard, Oklahoma City, G. T. Blankenship, Atty. Gen., for plaintiff in error.

Earl F. Camp, Buffalo, for defendant in error.

BERRY, Vice Chief Justice:

Upon citation and complaint filed by the Board of Chiropractic Examiners, hereafter the Board, defendant in error, respondent herein, was advised on September 19, 1965, of revocation of his license. Respondent executed supersedeas bond and appealed to the district court. After hearing and consideration the court (June 1, 1966) reversed the Board's order of revocation. This appeal involves issues advanced by the Board as grounds for reversal of the trial court's decision.

The original citation and complaint served on respondent alleged the Board "* * * on information received by affidavits, information, written statements, oral testimony, that the said C. L. Myers was guilty of conduct under which a license to practice chiropractic may be revoked." Respondent was ordered to surrender his license and file answer within 20 days. After respondent filed demurrer to the complaint the cause was continued, to be re-set by agreement. The Board then filed amended complaint charging seven enumerated alleged acts of fraudulent conduct for which license was revocable within meaning of 59 O.S.1961, §§ 164a–164d. An eighth specification charged respondent was unqualified to practice chiropractic. Since the evidence, including that of two Board members, was undisputed respondent was an "excellent" practitioner this charge requires no comment.

All specifications of the amended complaint concerned matters which occurred prior to issuance of respondent's license July 11, 1960. The specifications, as to which the Board heard evidence, related to respondent's alleged fraud and misrepre-

sentation in: (1) obtaining an Oklahoma license based upon reciprocity from the State of Alabama. The remaining claims concern respondent's alleged fraud and misrepresentation in making false and untrue statements relative to educational background, chiropractic education, and presentation of a fraudulent certificate from Harris Chiropractic College, Inc.

Respondent was granted a license in the State of Alabama in 1959, upon a showing of graduation from Harris Chiropractic College, Inc. in Wichita, Kansas. The principal complaint charges respondent with fraud by reason of falsity in the Alabama application wherein respondent under oath stated he had not been convicted of a felony. Other grounds of complaint specified related to respondent's having presented a fraudulent certificate (1) showing educational equivalents of required highschool subjects; (2) fraudulent copy of certificate as Doctor of Chiropractic from the aboved mentioned Chiropractic College.

The trial court determined the controlling question was whether, under 75 O.S.Supp. 1963 § 322, there was material, probative and substantial competent evidence of fraud in procuring an Alabama license, and the Oklahoma license based thereon. A written decision was filed stating the court's reasons for reversing the Board's order of revocation.

The Board's finding of fraud in procurement of an Alabama license was based upon evidence relating to respondent's statement in the application that he never had been convicted of a felony. Part of the evidence considered was a copy of an FBI report purporting to show respondent's record prior to 1943. The trial court properly held the report incompetent and erroneously received in evidence by the Board.

The Board also considered in evidence a certified record showing a felony conviction in the State of Kansas in 1934, when respondent was 23 years of age. For purpose of review, the court treated this evidence as showing such record related to respondent, although identity of the person was not proved otherwise. However, the trial court adjudged this evidence insufficient to establish fraud material to respondent's application. This ruling was based upon the syllabus in Board of Governors of Registered Dentists etc. v. Brown, 182 Okl. 243, 76 P.2d 1074, which states:

"While a prior act or crime involving moral turpitude is evidence of immorality, yet one guilty of such prior act or crime may thereafter so conduct himself as to re-establish himself as a man of morality and high character, and when he does so over a sufficient period of time to justify the conclusions that he is now a man of such good character, then he is entitled to be so adjudged in an action or proceeding where his good character or lack of it is an issue."

The principal contention advanced for reversal urges error of the trial court in overruling the Board's findings of fact, based upon substantial evidence showing respondent was guilty of fraud and misrepresentation in procuring an Oklahoma license. Three subdivisions of supporting argument are directed to statutory provisions and decisional law prescribing the nature and extent of judicial authority exercisable when reviewing an order entered by an administrative agency. See 75 O.S.Supp.1963 § 322(1) (e), and decisions based upon application of this statute. From this position the Board concludes the court's order was erroneous because, upon review of the Board's order, the trial court lacked authority either to weigh the evidence or to determine weight of the evidence upon independent judgment.

At the Board hearing considerable effort was expended to show respondent's lack of educational requirements and failure to attend chiropractic college during years specified, and in showing irregularities in names, dates and seals affixed to records and certificates relating to licensure. These matters, together with the

alleged falsity concerning prior felony conviction, provided the basis for the claim of fraud in procurement upon which revocation was based.

Certain evidence considered by the Board was categorized by the trial court as reflecting odd circumstances and creating suspicion. However, in view of the State's burden of establishing allegations of the complaint, the court found such evidence did not "rise to the dignity of substantial, competent evidence" showing respondent's fraud. The trial court determined respondent's substantial rights had been prejudiced by the Board's findings, inferences, conclusions and decisions because: (1) violative of constitutional provisions in denying respondent due process; (2) in excess of the Board's statutory authority or jurisdiction, material fraud not having been established by substantial evidence; (3) erroneous as being unsupported by reliable, material, probative and substantial competent evidence; (4) the findings were arbitrary and capricious.

It is our opinion this matter clearly is determinable under the court's finding the Board acted arbitrarily and capriciously in revoking respondent's license. For this reason we do not consider issues concerning the reviewing court's jurisdiction and authority to weigh substantial evidence, or to determine weight of the evidence by independent judgment. And, under this record, we pass over consideration of any question concerning the Board's authority to revoke a license based upon reciprocity, because allegedly procured by fraud committed against licensing authority in another state. Neither do issues urged under this record require decision based upon, nor discussion distinguishing, principles announced in Williams v. Dickey, 204 Okl. 629, 232 P.2d 637, and Boydston v. State, Okl., 277 P.2d 138.

January 18, 1960, respondent applied to the Alabama State Board of Chiropractic Examiners for a certificate of qualification to practice in that state. This application disclosed residence in Alabama, membership in that state's chiropractic association, prior practice in a specified location within the state. The application bore recommendation of two licensed chiropractors, based upon their knowledge of respondent's character and the fact respondent was practicing chiropractic in Alabama on January 1, 1960. Based upon this application respondent was issued an Alabama license on March 27, 1960.

Application for Oklahoma license based upon reciprocity was filed in June 1960, and license issued July 11, 1960. The record reflects discussion, among members of the profession, as to respondent's professional standing commenced early in 1961. Eventually all information bearing upon alleged fraud practiced by respondent in applying for licensure was submitted to the Alabama Board of Chiropractic Examiners. In 1963 the Alabama Board disavowed intention to take action, upon grounds the Alabama law under which respondent procured his license permitted one to secure a license without educational qualifications. However, despite this information, the Oklahoma Board advised respondent on September 22, 1965, his license had been revoked as of September 19, 1965, as the result of a trial held August 21, 1965.

The Code of Alabama, Title 46, Sections 297(1)–297(22), contain all provisions governing practice of chiropractic in that state. Laws 1959 p. 619, section 21, which became effective January 1, 1960, as section 297(21) provides:

"Issuance of certificates to persons practicing chiropractic on effective date of article.—Notwithstanding any section of this article or any other law to the contrary, the board shall issue a certificate to practice chiropractic without examination to any person in the active practice of chiropractic in the state of Alabama on the effective date of this article provided said person shall make a written application to the board on forms and in the manner prescribed by the board, and provided further that

said person produces evidence satisfactory to the board that he is a graduate of a school or college of chiropractic recognized by the board and is of good moral character. Such application shall be accompanied by a twenty-five dollar ($25) application fee. Any person who is in the armed forces of the United States and who otherwise meets the qualifications of this section and was actively in the practice of chiropractic in this state before becoming a member of the armed forces of the United States shall have ninety days after discharge or resignation from the armed forces of the United States in which to make application."

 Not only had this Board been advised by Alabama authorities long before this proceeding that existing law supported respondent's licensure, but the applicable provision of the Alabama code was introduced in evidence. Admittedly respondent's license was valid, in force, and not subject to revocation in Alabama. However, the Board chose to institute proceedings and, as the result of a "trial", revoke respondent's license for alleged fraud in procurement of a license known by this Board to be valid in the issuing state. Despite the Board's knowledge of these facts, the Board arbitrarily attempted to go behind the Alabama law and destroy respondent's licensure despite his being an "excellent" doctor.

The statute, § 322, supra, extends the reviewing court judicial discretion and authority to set aside, modify or reverse an agency order if an appellant's substantial rights have been prejudiced because of the agency findings. This statute enumerates seven specific grounds for exercise of judicial authority. Among these ground (1) (f) specifies findings, conclusions or decisions which are arbitrary and capricious.

Where the law requires procurement of a license in order to carry on a chosen business or profession, the power to revoke that license when once granted, and thereby destroy the licensee's means of livelihood is penal, and must be strictly construed. Moore v. Vincent, 174 Okl. 339, 50 P.2d 388, and authorities cited.

In Boyle v. Rock Island Coal Mining Co., 125 Okl. 137, 256 P. 883, "arbitrariness" is defined as consisting of conduct or acts based upon one's will alone, and not upon any course of reasoning and exercise of judgment. The Board's action revoking respondent's license, without regard for the fact the Alabama license was effective and not subject to revocation under the statute, clearly constituted conduct based solely upon the Board's will and not upon reasoning and exercise of judgment. The trial court properly reversed the Board's order revoking respondent's license.

Affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.

JACKSON, J., dissents.