STATE of Oklahoma, ex rel. OKLA-
HOMA STATE BOARD OF MEDICAL
LICENSURE AND SUPERVISION, Ap-
pellee,

v.

Arles Garel RAY, M.D., Medical License
Number 11310, Appellant.

No. 78065.

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 8, 1992.

Charles Peters Seger, Oklahoma City, for appellant.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Presiding Judge:

Appellant, Arles Garel Ray, M.D. (Doctor), seeks review of an order of the Appellee, Oklahoma State Board of Medical Licensure and Supervision (Board), imposing discipline. Herein, Doctor asserts no competent evidence supporting the Board's action.

Doctor, licensed to practice medicine in Oklahoma, applied for a medical license in Florida. After hearing, the Florida state medical licensing authority denied Doctor's application.[1]

---

1. The State of Florida Department of Professional Regulation Board of Medicine, upon consideration of Doctor's Florida application and testimony, denied the application, "stating as grounds therefore":

  [T]hat your application does not establish that you can practice medicine with reasonable skill and safety. You have a history of chemical addiction and you continue to deny any previous problems with alcohol or other chemicals. Your testimony and application establish that you have suffered alcohol and or chemical induced 'blackouts' as recently as 1988; that you have used marijuana as recently as 1989; that although you claim not to have been intoxicated since 1988, you contin-

Doctor thereafter applied for renewal of his Oklahoma medical license. Board's Director of Investigations (Director) subsequently filed a Citation and Complaint with the Secretary of Board[2] asserting, in essence, Doctor's misrepresentation of fact in his application for renewal,[3] "habitual intemperance or habitual use of habit-forming drugs," prescription of drugs without examination and establishment of doctor/patient relationship, and inability to practice medicine with skill and safety due to use of drugs and/or alcohol; in support of the complaint, the Director attached a copy of the Florida order. Upon proper service of the Citation/Complaint, Doctor answered, admitting the allegations concerning denial of his Florida application, but denying the remaining allegations.

At hearing before Board, Director adduced uncontroverted evidence of Doctor's prescription of drugs without establishment of the doctor/patient relationship and/or examination, and produced a copy of the order denying Doctor's Florida application. Doctor denied drug/alcohol abuse problems. Based on the uncontroverted evidence and denial of his Florida license application, Board suspended Doctor from practice for two months, and placed Doctor on supervised probation for five years. Doctor moved for new trial before Board, which Board denied. Doctor appeals.[4]

In his sole proposition, Doctor asserts the only evidence adduced below arguably showing cause for imposition of discipline

is the order of the Florida board of medical licensure, and argues that the findings therein concerning grounds for denial of his Florida application, unsupported by testimony showing accuracy thereof, does not constitute the requisite competent evidence necessary to uphold Board's decision on appeal. Board responds, pointing to (1) Doctor's answer, admitting denial of his Florida medical license application on the grounds set forth in the Florida order, and (2) the uncontroverted evidence of Doctor's improper prescription of drugs, and thus asserts presentation of sufficient competent evidence to support the Board's imposition of discipline.

■■■■ "In reviewing the decision [of the State Board of Medical Licensure and Supervision] we [look] at the entire record to determine whether the result was supported by substantial evidence."[5] Having reviewed the record in the present case, we find uncontroverted evidence showing Doctor's prescription of drugs to a person with whom Doctor had established no physician/patient relationship and of whom Doctor had conducted no examination, constituting both "unprofessional conduct" as defined by statute,[6] and a ground for suspension/revocation of Doctor's medical license.[7] Moreover, we hold the Oklahoma Board properly considered the findings of the Florida board of medical licensure in arriving at a decision on Doctor's Oklahoma application,[8] particularly considering

---

ue to consume alcoholic beverages; that you have a history of depressive episodes including an attempted suicide; and you admit to self-medicating. You have been uncooperative with the Physicians Recovery Network (PRN) in their efforts to secure a current psychiatric evaluation....

2. 59 O.S.1991 § 503.

3. That is, denials by Doctor of on-going drug/alcohol abuse problems.

4. 59 O.S. § 513 (Board given "quasi-judicial powers ... for purpose of ... suspending the license of physicians and surgeons of this state, and appeals from its decisions shall be taken to the Supreme Court of this state.")

5. *DiMauro v. Oklahoma State Board of Medical Examiners,* 769 P.2d 759, 762 (Okl.1989).

6. 59 O.S. § 509(13).

7. 59 O.S. § 503. *See also, State v. Bridwell,* 592 P.2d 520 (Okl.1979) (finding of guilt of unprofessional conduct proscribed by statute empowers Board of Medical Examiners [now Board of Medical Licensure and Supervision] to suspend or revoke physician's license).

8. *Cf., State of Oklahoma, ex rel. Board of Chiropractic Examiners v. Myers,* 466 P.2d 640 (Okl. 1969) (governing board revoked practitioner's Oklahoma license for misrepresentation in practitioner's application to Alabama governing board; on review, District Court found Oklahoma board decision unsupported by evidence; in affirming the Trial Court, the Oklahoma Supreme Court found that board "arbitrarily attempted to go behind Alabama law," and held board's "action revoking [applicant's Oklahoma]

that Board afforded Doctor an opportunity, which Doctor accepted, to explain and rebut the findings of the Florida board. We consequently find the Board's decision supported by the requisite substantial evidence.

The order of the Board imposing discipline is therefore AFFIRMED.

HANSEN, V.C.J., and HUNTER, J., concur.

license, without regard for the fact the [applicant's] Alabama license was effective and not subject to revocation," to be arbitrary and capricious.)