THE STATE OF KANSAS *ex rel.* JOSEPH MCDONALD v. O. H. SHELDON *et al.*, *Respondents.*

*Error from Shawnee County.*

*Motion for Writ of Mandamus.*

A Court for the trial of contested county elections organized under Sec. 13, Chap. 39, Comp. Laws, *held* to be a tribunal exercising not ministerial but judicial functions, and one that comes within the provisions of Sec. 523 of the Civil Code, and *held* that the determinations of the tribunal may be revised by the District Court of the county.

*Held* to be the duty of such tribunal to sign a bill of exceptions to their decisions.

Writ of Mandamus granted to compel them to do so, as of the date of the sitting of the Court on their refusal being shown by relator.

On return of full compliance of the writ the Court declined to hear proof that the bill of exceptions was not true.

The facts of the case appear fully in the opinion of the Court.

*N. P. Case, Elmore and Martin,* for relator.

*Douthitt and Greer,* for respondent.

*Case and Elmore* argued the case for relator on the following points:

The whole proceedings in contested elections are statutory, and we must look to the statute alone.

Section 13, page 508, Compiled Laws, determines and fixes the Court having jurisdiction in cases of contested elections of county officers. This section says the "Court," &c.

Same act, Sec. 27, provides the Court shall pronounce judgment.

The Court constituted as provided in Sec. 13, has jurisdiction of the matter in controversy, and the defendant having been served and come into Court, the jurisdiction is unquestionable.

It is a well settled principle of law that, when a Court having jurisdiction has the parties properly before it, all

questions determined by it necessary to the final determination of the matter before it, are *res adjudicata*, and that it stands against all the world, until reversed by a Court of competent jurisdiction.   No case can be reversed by the Court of superior jurisdiction, except by petition in error or on appeal.

Section 523 of the Civil Code is very broad, and intended to embrace all courts, officers or tribunals of inferior jurisdiction.   This Court is inferior to the District Court. *Quo warranto* in our opinion, would not benefit relator. Respondent would reply that he held the election under and by virtue of the judgment of the Court, as provided in Section 13, and that all the questions were *res adjudicata*, and that we could not inquire into the error complained of or go behind the judgment for any cause detinued at said trial.   We say that relator has no other remedy.   What is complained of, is the refusal of the Court to sign a bill of exceptions.   How can we compel the Court to sign the bill of exceptions except by a writ of mandamus?

And if the Court refuse to grant the mandamus the relator is remediless, so far as to inquire into the errors of the Court.   "Where there is an injury there is a remedy."

McDonald desires the bill of exceptions, so as to enable him to go on error to the District Court of Osage County, and in that Court to have it judicially determined whether there is error on the record or not.

*Douthitt* argued the case for respondent.

*By the Court*, KINGMAN, J.

A court for the trial of contested county elections was organized under Sec. 13, Chap. 89 of the Compiled Laws, to try a contested election case in Osage County, between Joseph McDonald, incumbent, and O. H. Sheldon, contestant for the office of treasurer of Osage County.   Such proceedings were had as resulted in a determination by that tribunal in favor of Sheldon, and he was declared duly elected to the office of county treasurer of Osage County.

During the progress of the trial various rulings were made against the relator in this case, to which he excepted, and at the close of the trial presented his bill of exceptions and asked that it be signed and made a part of the record. The Court refused to sign the bill tendered, and refused to sign any bill. This is an application by the State on the relation of Joseph McDonald, incumbent in that case, for a mandamus to compel the board to sign a bill of exceptions as of the date of the sitting of the Court, and make the same a part of the record.

If it was the duty of the tribunal to sign such a bill of exceptions, then the writ will be granted, and the duty will depend upon whether there is in the law any power to revise the action of the tribunal.

That there is a power to revise seems too apparent from Section 523 of the Code of Civil Procedure, wherein it is provided that a judgment rendered or final order made by a justice of the peace or *any other tribunal, board or officer* exercising judicial functions, and inferior in jurisdiction to the District Court, may be reversed, vacated or modified by the District Court. This case comes plainly and obviously within the provisions of this section.

The law under which the tribunal met, calls it a Court. Its acts are of a judicial character, not ministerial, like those of a board of canvassers. It pronounces a judgment affecting the rights of parties. It gives judgment for costs and must therefore be held a tribunal exercising judicial functions, and its acts subject to revision.

An alternative writ of mandamus is awarded.

All the justices concurring.

NOTE BY THE REPORTER.—Upon the filing of an answer to the alternative writ in this case, it was objected to by the counsel for the relator as an insufficient answer to the allegations of the writ. Respondents insisted that the writ itself was insufficient, and the Court held that the writ was bad, and permitted an amendment upon payment of costs. The answer to the amended writ was held insufficient and a peremptory writ awarded. Upon a return of a full compliance with the command of the writ by respondents, the counsel for relator proposed to show by proof that the bill of exceptions signed was not true. The Court declined to hear the proof.