ROSWELL NORTON v. CALVIN H. GRAHAM.

1. COURT FOR TRIAL OF ELECTION CONTEST—*How constituted.* In the trial of a contested election case, where the office of county treasurer is in dispute, two members of the court, to-wit, the probate judge and one of the associates, may hear and determine the case, provided the other member of the court does not attend.

2. FINAL JUDGMENT, *unappealed from, conclusive between parties.* When a tribunal having jurisdiction of the subject-matter and the parties, has once decided a question, it is *res adjudicata* between those parties, and cannot be relitigated by them in an original proceeding before another tribunal. (Following *Anthony v. Halderman*, ante p. 50.)

*Original Proceedings in Quo Warranto.*

ON the 20th of July, 1870, *Norton* filed in this court his petition against the defendant, setting forth in substance that the plaintiff was, at the general election in November, 1869, duly elected to the office of Treasurer of Coffey county, by the qualified electors of said county; and that the defendant, *Graham*, had gained possession of the said office, by usurping the same, and without any legal right or title thereto, and still usurps and holds said office, and exercises the powers and privileges and enjoys the emoluments attached thereto, without any authority of law, and against the legal rights of the plaintiff, and asking judgment of ouster.

The defendant answered, claiming to have been legally elected to said office, and showing further that he had contested the right of said plaintiff to said office in the manner provided by law, before a court duly and legally constituted for the trial of contested elections; that by judgment of said court he, the said defendant, was declared to have been duly and legally elected to said office at said election, and that he, the said defendant, held said

office by virtue of the determination and judgment of said court, it being a court of competent jurisdiction of the suject-matter, and having duly obtained jurisdiction of the persons of the plaintiff, and defendant, etc. The plaintiff claimed that said " court" was not legally constituted; that its proceedings were void, and its pretended judgment a nullity.

*Wilson Shannon, Sr.,* for the plaintiff. No brief filed.

*Ruggles & Plumb,* for the defendant:

1. If the court before whom the contest between plaintiff and defendant was had, was legally constituted, the judgment rendered by it is conclusive between the parties and a bar to this action. It was not necessary that both of the associates should be present and participate in the trial. The court for the trial of contested elections is composed of three persons. Gen. Stat., 424, § 87. The two associates were duly appointed and notified, and this was sufficient to enable a majority to act; Gen. Stat., 999, § 1, clause 4; *Merchant v. North,* 10 Ohio St., 251; 12 Ind., 403; 10 Wis., 277; 17 Wis., 400; 24 Wis., 291; 1 McCord, 52.

2. A judgment of a court of competent jurisdiction on the same subject-matter is conclusive between the same parties. 7 Ohio Stat., 157; 12 Ohio St., 11; 4 G. Greene, (Iowa,) 551; 17 Iowa, 261; 4 N. Y., 71; 6 N. Y., 137.

The only mode of reviewing such judgment or determination is by error or appeal. Where jurisdiction is shown, judgments of superior and inferior courts stand on the same footing, and are equally and absolutely conconclusive, when not appealed from, or when attacked collaterally. *Cooper v. Sunderland,* 3 Iowa, 114, and cases there cited.

The opinion of the court was delivered by

VALENTINE, J.: This is an original proceeding in *quo warranto*, brought by the plaintiff Roswell Norton, to determine whether himself or the defendant, Calvin H. Graham, is county treasurer of Coffey county. At the general election in November, 1869, both parties were voted for, for that office. After the election, the county commissioners canvassed the votes and declared the plaintiff to be elected to said office by a majority of one vote, and the county clerk issued to him a certificate of election. He then gave bond and took the oath of office. But the defendant contested the election. A court was organized, under the provisions of "an act to regulate elections," (Gen. Stat., 424, §§ 85 to 105,) for the trial of said contest, and the case was tried before said court. Everything in the organization of the court, and everything that took place during the trial seems to have been regular, except that only two members of the court, and not three, (although all were properly notified,) met and heard the case. These two were the probate judge and one of the associates. The other associate did not meet with them. The court thus constituted heard and determined the case, and rendered a judgment declaring that said defendant, Graham, was duly elected to said office by a majority of five votes.

The first question in the case, and the only one if we determine it in the affirmative, is, whether said court was legally constituted; that is, whether the court could be legally composed of two members only. This question we think is fully determined by the statute. Section 87 of the act already referred to provides how the court shall be constituted. It reads as follows:

1. Court for contest of elections; how composed.

" SEC. 87. The court for the trial of contested county elections, shall be thus constituted : The probate judge shall be the presiding officer, and he shall select two disinterested persons who shall be associated with him."

Subdivision 4 of § 1 of "An act concerning the construction of statutes," (Gen. Stat., 999,) gives authority to any two members of the court to act. It is as follows : "Words giving a joint authority to three or more public "officers or other persons, shall be construed as giving such authority to a majority of them, unless it be otherwise expressed in the act giving the authority." It will not be contended that it is "otherwise expressed in the act giving the authority" to the probate judge and two other persons whom he shall select, to act as a court for the trial of contested county elections; nor will it be contended that it is "otherwise expressed" in any other act.

The question then, of who is entitled to said office under said election, having been once tried and determined by a court of competent jurisdiction, it will hardly be contended that the same question may be again tried in an original proceeding, as this is. The question can come to this court properly, only on petition in error, after the same has been acted on in the district court. The judgment of this court is for the defendant.

All the Justices concurring.