## A. J. BUCKLAND V. C. GOIT.

1. COUNTY BOARD OF CANVASSERS, *When a Judicial Tribunal.* A county board of canvassers, when organized merely to canvass the returns of an election, is merely a board of ministerial officers; but when it is organized for the trial of a contested election for a township officer, it then becomes a judicial tribunal, or board exercising judicial functions, and a petition in error will then lie from its decisions to the district court.

2. ———— *Affidavit; Jurat.* Where an affidavit is required, and one is made and sworn to before the county clerk, and is perfect and complete in every respect, except that the county clerk neglects for several days to attach his jurat thereto, *held,* that the county clerk may afterward attach his jurat, and then the affidavit will be sufficient.

| 23 | 327 |
| 40 | 628 |
| 23 | 327 |
| 51 | 498 |
| 23 | 327 |
| 77 | 213 |
| 23 | 327 |
| 80 | 663 |
| 23 | 327 |
| 82 | 288 |

3. CONTESTED ELECTION; *Practice; Error.* Where B. and G. are oppos-
  ing candidates for the office of justice of the peace, and the county
  board of canvassers, upon canvassing the returns of the election, de-
  clare that G. is elected, and B. then contests, and files a proper state-
  ment therefor, and the board then fixes a time for the trial, and notice
  of such contest and trial is then given to the contestee, which notice is
  sufficient in every respect, except that it does not give "a brief state-
  ment of the causes of the contest," and afterward, when it is too late
  for the contestor to institute another contest, the contest court dismisses
  the contestor's causes of contest, because of said defect in the notice,
  without giving to him any opportunity to have said defect cured or
  remedied, *held,* error.

### Error from Barton District Court.

ACTION brought by *Buckland,* against *Goit,* under the
provisions of article 6, chapter 36, of the General Statutes
of 1868, to determine the right of the contestor to the office
of justice of the peace of Great Bend township, in Barton
county. Trial at the March Term, 1878, of the district
court, and judgment for the contestee. The contestor brings
the case here. The facts sufficiently appear in the opinion.

*G. W. Nimocks,* and *Joshua Clayton,* for plaintiff in error.
*Day & Gardner,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a contested election case, and
the substantial question involved therein was and is whether
C. Goit or A. J. Buckland was elected one of the justices of
the peace of Great Bend township, Barton county, Kansas,
at the November election, held in 1877. The returns of
votes cast for each candidate were duly canvassed by the
board of county canvassers, and by such canvass it was ascer-
tained that said Goit received one more vote for said office
than his competitor, said A. J. Buckland. Goit was there-
fore duly declared elected, and the certificate of election was
duly issued to him. Buckland, however, contested Goit's
right to the office, claiming that several illegal votes were
cast for Goit, and giving the names of ten of the alleged

illegal voters.   On the day set for the hearing of said contest, Goit made a special appearance in the contest court, and moved the court to dismiss the proceeding on the following grounds, among others, to wit: "First, because the statement filed by said contestor is not verified by affidavit as required by law; second, because no notice has been given to the contestee as required by law."   The contest court sustained said motion on said grounds, and dismissed the contestor's cause of contest.   The contestor then took the case to the district court on petition in error.   In the district court the contestee demurred to the contestor's petition in error, on the following grounds: "First, that the court has no jurisdiction of the person of the defendant; second, that the court has no jurisdiction of the subject of the action."   The district court sustained said demurrer, and dismissed the contestor's petition in error.   The contestor then brought the case to this court on petition in error.

We understand that the district court sustained said demurrer, upon the ground that "a county board of canvassers," as organized for the trial of a contested election for a township officer, is not in law a "tribunal, board, or officer exercising judicial functions" within the meaning of § 540 of the civil code, and therefore that a petition in error would not lie from the decision of such "county board of canvassers" to the district court, and therefore that the district court had no jurisdiction to review such decision.   In this we think the district court erred. (See ch. 36, Gen. Stat. 1868; § 106 and §§ 85–105, Comp. Laws of 1879, p. 402–404; *State v. Sheldon*, 2 Kas. 322; *Steele v. Martin*, 6 Kas. 439; *Norton v. Graham*, 7 Kas. 166; *Morris v. Vanlaningham*, 11 Kas. 269; *Wildman v. Anderson*, 17 Kas. 345; *Moonlight v. Bond*, 17 Kas. 351.)

The board of canvassers, when organized merely to canvass the returns of an election, is of course merely a board of ministerial officers; but when it is organized to try a cause of contest, as in this case, it then unquestionably becomes a judicial tribunal, or board exercising judicial functions, and

a petition in error will then undoubtedly lie from its decisions to the district court.   We might perhaps properly stop here in this opinion, as the district court would probably decide the other questions correctly.   There will be no impropriety, however, in suggesting that we think that the district court should reverse the decision and order of the contest court dismissing the contestor's cause of contest.   The reasons given for such dismissal, we think, are insufficient.   The contestor's statement was properly verified in every particular, except that the clerk administering the oath failed for a few days to attach his jurat to the affidavit.   Everything, however, in this respect was made perfect and complete before said motion to dismiss the contestor's cause of contest was sustained.

The most difficult question, however, in this case, is the one with reference to the notice of contest.   It was imperfect in this: it did not give "a brief statement of the causes of contest," as required by § 92, of the election law. (Comp. Laws of 1879, p. 403.)   It was sufficient in all other respects, and service thereof was acknowledged by the contestee, Goit. Now we do not think that this notice was void because of said defect.   It was merely irregular, and considering all the circumstances, the irregularity was only a slight one.   We think the notice was sufficient to bring the contestee into court, and when in court, he had ample opportunity to learn the "causes of contest," from the statement filed by the contestor with the county clerk.   It would have been proper for the contest court to have required that another and a better notice should be served upon the contestee, or that a copy of the contestor's "causes of contest" should be given to the contestee, and to have continued the hearing of the contest until the contestee had had ample opportunity to be prepared for such hearing; but we think the contest court erred in dismissing the contestor's *whole case* because of said defect in the notice, without first giving the contestor any opportunity to have such defect cured, or remedied.   At the time that this contest was dismissed, it was too late for the contestor to

commence a new contest, and hence, if this dismissal were to be sustained, it would· be a final determination of the case, and a final determination, upon a pure technicality. This the law never encourages, and especially not where cases are to be tried before inferior tribunals, not skilled in the law. It is a dangerous thing for an inferior tribunal, not skilled in the law, to attempt to decide cases upon pure legal technicalities. Superior courts seldom attempt any such thing. And the law always encourages trials upon the merits, and never encourages final determinations upon mere technicalities of any kind.

The judgment of the court· below will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.