W. T. Bland v. Charles W. Jackson, *as Councilman and President of the Council of the City of Atchison, et al.*

1. City Officers—*Contesting Election.* The mayor and council of a city of the first class may, by ordinance, provide for contesting the election of any person to any city office, but the rules or by-laws adopted must not conflict with the laws of the state.

2. City Council—*Appeal from.* A city council, when organized for the trial of a contested election over a city office, is a tribunal exercising judicial functions, and a petition in error will lie from its decisions to the district court.

3. Bill of Exceptions—*Duty of City Council.* It is the duty of a city council, organized for the trial of a contested-election case, to settle and sign a correct bill of exceptions, so that its judgment may be reviewed; but its decision as to the truthfulness of a bill, like that of a trial judge, is conclusive and final. Of course, in settling a bill of exceptions, the trial judge or tribunal hearing the case should act fairly and impartially, and state fully the truth in the bill signed.

*Original Proceeding in Mandamus.*

An election was held in the city of Atchison for city officers on Tuesday, the 4th day of April, 1893. W. T. Bland and Marshall J. Cloyes were the candidates for the office of mayor. On Friday, the 7th day of April, 1893, the mayor and councilmen of the city, sitting as a board of canvassers to canvass the returns of the election, declared W. T. Bland had been elected mayor, and directed that the certificate of election to such office be given to him. On the 8th of April, 1893, he took the oath of office and attempted to assume the duties thereof. On Saturday, April 8, 1893, Marshall J. Cloyes, claiming that he was elected mayor, and desiring to contest the election of W. T. Bland, filed a statement in writing with the city council alleging his grounds of contest. The council fixed the 17th of April, 1893, at 7:30 P. M., as the time for hearing such contest. At such hearing, the council, by resolution, proceeded to recount the ballots cast in the city of Atchison for the office of mayor on April 4, 1893, against the objection of W. T. Bland, and after such recount an-

nounced that Marshall J. Cloyes had received 1,099 votes for mayor; that W. T. Bland had received 1,098 votes only; and thereupon declared that Marshall J. Cloyes, the contestor, had duly been elected to the office. To the declaration of the result of the election, and to all of the proceedings of the council, W. T. Bland excepted. At the conclusion of the hearing of the contest, about 3 o'clock A. M. of April 18, 1893, W. T. Bland requested the city council to adjourn to 6 P. M. of that day, or to some other reasonable time in which to reduce to writing his exceptions and present the same to the council, sitting as a contest court or tribunal, for examination and allowance. That application was refused, upon the ground that the council had no authority to allow or sign bills of exceptions. On April 19, 1893, W. T. Bland filed and presented his motion for a new trial before the city council, which motion was overruled; and thereupon he presented his bill of exceptions in writing to the council, and asked that the same be examined and allowed as a true bill. This application was overruled, upon the ground that the action of the council was final and conclusive, and that no provision had been made by ordinance or statute for repeal or review.

On April 21, 1893, W. T. Bland filed in this court his motion or application for writ of peremptory *mandamus*, requiring the city council and the members thereof to allow and sign a true bill of exceptions. An alternative writ was issued by one of the justices of this court on the same day. Two of the members of the council, James W. Waggener and P. S. Mitchell, on May 2, 1893, filed answers admitting the allegations of the alternative writ of *mandamus*, and expressed their willingness to allow and sign the bill. The other members of the council, including the president thereof and the city clerk of the city, filed their motion to quash the alternative writ, upon the ground that the written application and the alternative writ did not state facts sufficient to constitute any cause of action against the defendants, or either of them, or show any cause for the issuance of either an alternative or peremptory

writ. Hearing was had upon this motion at the May session, 1893, of this court.

*B. F. Hudson*, and *H. C. Solomon*, for plaintiff.

*J. F. Tufts*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: The only question in this case for our determination is, whether there is any power in the courts to revise the action of the mayor and council of a city of the first class sitting as a tribunal to try a contested election over a city office. If a petition in error will lie from the decision of such a tribunal, then it was the duty of the defendants to allow and sign a correct bill of exceptions. Section 540 of the civil code reads:

"A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

A city council, when sitting to hear and determine a contested-election case, is a tribunal exercising judicial functions. Its acts then are not ministerial, as when sitting to canvass the returns of an election. (*The State, ex rel., v. Sheldon*, 2 Kas. 322; *Anthony v. Halderman*, 7 id. 50; *Buckland v. Goit*, 23 id. 327.) The contention, however, is, that under the powers of the mayor and council of cities of the first class, granted by the legislature, an ordinance may be enacted making the decision of a city council in a contested-election case final, and that, as an ordinance of the city of Atchison provides the determination of the city council in such a contest "shall be final and conclusive," there can be no appeal or review. We are referred to the following provisions of the statute concerning contest-election cases in cities: Paragraph 555, Gen. Stat. of 1889, reads:

"The mayor and council shall have power to provide for

the election of city officers, and prescribe the manner of conducting the same, and the returns thereof, and for deciding contested elections, in any manner not in conflict with the laws of the state."

Paragraph 637, Gen. Stat. of 1889, reads:

"The mayor and council may by ordinance provide for contesting the election of any person to any city office." (Laws of 1881, ch. 37, § 11, subdiv. 35, and § 83.)

It is a cardinal rule of construction, that all statutes *in pari materia* are to be read and construed together, as if they formed parts of the same statute, and were enacted at the same time. (*Wren v. Comm'rs of Nemaha Co.*, 24 Kas. 305.) Courts, as a rule, construe statutes so as to give every portion thereof some force and effect, some application and some operation. (*Points v. Jacobia*, 12 Kas. 50; *Bridge Co. v. Railway Co.*, 12 id. 409.) We must therefore harmonize, if possible, the provisions of the statute cited. We think they were not intended to conflict, or to have one section repeal the other. With this construction, there was no intention upon the part of the legislature, in granting authority to the mayor and council to provide by ordinance for contesting the election of any person to any city office, to prescribe any rules or by-laws "in conflict with the laws of the state." Under the law of the state, any judgment or final order, made by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by that court. That law was in force when the ordinances of the city of Atchison were adopted, and we must assume that the ordinance for deciding contest cases was passed with full knowledge of the laws of the state. The decision referred to in the ordinance of the city council is only final and conclusive when rendered in accordance with "the existing laws." It is subject to be reversed, vacated or modified by the district court. Again, appeals are generally favored. Tribunals for contest-election cases are provided for all elected officers. Their decisions are reviewable except in the contests in the

32—51 KAS.

egislature over.the members thereof. The action of the tribunal deciding contest elections for county officers may, by the statute, be revised. (*The State, ex rel., v. Sheldon,* supra.) The tribunal deciding contest elections for township officers is subject to supervisory control. (*Buckland v. Goit,* supra.) We perceive no good reason, if the action of those tribunals may be reviewed, why the decision of a city council over the office of mayor shall be beyond the revision of the courts. Our conclusion is, that when a city council is organized for the trial of a contest election over a city office, it then becomes a tribunal exercising judicial functions, and is subject to the supervisory control of the courts. Of course, this court cannot settle a bill of exceptions in a case tried before a city council. It is the duty of the council to settle and sign the same. We can command action, but we cannot say how the council shall act. Its decision, like that of a trial judge, as to the truthfulness of a bill, is conclusive and final. (*The State, ex rel., v. Sheldon,* supra.)

After a bill of exceptions is settled and signed by the city council, if the plaintiff shall file a petition in error in the district court to review the proceedings of the council sitting as a contest court or tribunal, this will not disturb or vacate the decision rendered, unless the district judge in his discretion stays or suspends the judgment. That judgment is conclusive until reversed or modified, if not stayed or suspended by the district court or the judge thereof. Until reversed, modified, or suspended, it settles the rights of the contesting parties. (Civil Code, § 558; *Willard v. Ostrander,* ante, p. 481.)

The motion to quash will be overruled.

All the Justices concurring.