JOHN ESTREL v. HENRY DIEHL *et al.*

No. 181.

COUNTY SURVEYOR — *final order of, reviewable by district court.*
Under the provisions of section 540 of the Code of Civil Proced-
ure, the district court has jurisdiction to review the proceedings,
final order and report of a county surveyor, determining the dis-
puted corners and boundaries of lands, and made under statutory
authority.

Error from Saline District Court. Hon. R. F.
Thompson, Judge. Opinion filed November 15, 1897.
*Reversed.*

*Mohler & Hiller* and *R. A. Lovitt,* for plaintiff in error.
*Joseph Moore* and *E. W. Blair,* for defendants in error.

MAHAN, P. J. The plaintiff in error filed a petition
in the District Court for the purpose of having re-
viewed a survey and report of the surveyor of Saline
County, establishing the boundary lines between the
lands of the plaintiff and defendants. Upon motion
of the defendants, the District Court dismissed the
petition for the reason that it had no jurisdiction to
review the proceedings upon a petition in error.

Section 540 of the Code provides as follows :

"A judgment rendered, or final order made, by a
justice of the peace, or any other tribunal, board or
officer exercising judicial functions, and inferior in
jurisdiction to the district court, may be reversed, va-
cated or modified by the district court."

The Supreme Court has had occasion to review this
section a number of times. In the case of *State of
Kansas ex rel. McDonald v. Sheldon* ( 2 Kan. 322), that
court held that the district court had jurisdiction to
review the action of a court created by the statute, in

signing a bill of exceptions in behalf of one of the parties to a proceeding therein.

In *Buckland v. Goit* ( 23 Kan. 327 ), the decision was again made that a board of county commissioners, when organized for the trial of a contested election for a township office, became a judicial tribunal, or board exercising judicial functions, and that a petition in error would lie from its decision to the district court. The case of *Norton v. Graham* ( 7 Kan. 166 ) is to the same sffect.

These decisions are under the section above recited, and are made upon the ground that such a board or tribunal exercises judicial functions and is inferior in jurisdiction to the district court.

A county surveyor is an officer, and, in determining the respective rights of parties in a contest respecting the corners or boundaries of their land, exercises judicial functions ; and his determination therein, and his report made respecting such controversy, are a final order. In this case, it appears from the petition in error that the surveyor did try, upon evidence of witnesses duly sworn by him, a controversy between the plaintiff and defendants as to the true boundaries of their respective tracts of land ; that he rendered a decision thereon, and made his final report of the same, as required by the statute, and a further order taxing the costs of the survey, under the provisions of the statute in relation thereto.

It is contended by the defendants in error that inasmuch as the statute provided for an appeal in such cases, error would not lie. In support of this contention they cite *Rice v. Harvey*, 19 Kan. 144 ; *Mills v. Kansas Lumber Co.*, 26 id. 574 ; *Haight v. Gay*, 8 Cal. 297. Neither of the cases cited from our Supreme Court sustains the contention. The case from

the eighth California has no application here, for the reason that the statute in that case is entirely different from our own. The party suing out the writ of error in that case was clearly without the provision of the statute. Our statutes give both remedies — by appeal and by petition in error.

It seems to us that the District Court had, without any doubt, jurisdiction under section 540 to review this final order and judgment of the surveyor, and it was error to dismiss the petition.

Judgment reversed.