KUTCH v. COSNER, Mayor, et al.

No. 33614. Feb. 21, 1950.

*215 P. 2d 300.*

Tolbert & Gillespie and Hughes & Hughes, all of Hobart, for plaintiff in error.

Max Carder, City Atty., of Hobart, for defendants in error.

LUTTRELL, J. Plaintiff, Doss M. Kutch, filed in the district court of Kiowa county his petition for writ of prohibition against the defendants, mayor and city council of the city of Hobart, seeking to prohibit them from taking further proceedings to remove plaintiff, the duly elected city marshal of Hobart, from his office. The trial court issued an alternative writ, and upon motion to dissolve the same filed by defendants, dissolved it for the reason that the petition did not state facts sufficient to justify the granting and issuing of any writ of prohibition. Plaintiff stood on his petition and gave notice of appeal to this court, and thereupon the trial court dismissed the petition. Plaintiff appeals.

The sole question presented is whether the petition states facts sufficient

to entitle plaintiff to the relief prayed for. The proceeding for removal of plaintiff from the office of marshal was instituted and prosecuted under 11 O.S. 1941 §§572 and 577.

Section 572 provides as follows:

"The council may, by a vote of a majority of all the members to be entered upon the journal, remove for cause any officer except the mayor."

Section 577 provides as follows:

"Upon complaint to the mayor, or president, or acting president of the council, that any marshal, assistant marshal or policeman has been intoxicated, or has been gambling, or has abused the power of his office, or been guilty of a brutal or indecent act, or taken or received any money, property or valuable things whatever, other than his legal salary, or fees, as a consideration for doing or omitting to do any particular act, or has refused to make an arrest in the proper case, or consented to, or connived at the escape of any person legally arrested, and in custody, the officer so receiving such complaint shall lay the same before the council, at their first meeting thereafter. The council shall carefully and honestly inquire as to the truth of such complaint, and if they find the accused guilty, they shall forthwith by order to be entered on their journal, remove him from office; and he shall not be again appointed to such office unless two-thirds of the councilmen elect consent thereto."

It is to be noted that the provisions of section 577 are very general, in that they do not specify the form of complaint, or the kind of notice to be given to the accused, but merely provide that the council shall, upon the filing of a complaint, carefully and honestly inquire as to the truth of such complaint, and, if they find the accused guilty, shall by order entered on the journal remove him from office. Defendant urges and the trial court found that the petition sufficiently showed that the requirements of section 577 had been complied with. We agree.

The petition recites that on January 8, 1948, one Charles W. Latimer wrote a letter to the mayor and council in which he advised that plaintiff had been guilty of brutal acts toward him by beating him with his fists contrary to the provisions of section 577, and requested that plaintiff be removed from the office of city marshal of the city of Hobart. It alleges that this letter was referred to the council on January 13, 1948, and that on March 30, 1948, the mayor and council met in special session and held a purported and unauthorized hearing upon the charges contained in the letter; that prior to the commencement of such hearing plaintiff objected to the holding of the hearing or the introduction of any testimony thereat for the reason that the defendants had no jurisdiction, in that no complaint had been filed as contemplated by law; that plaintiff was never served with any legal notice of the hearing; that he was never served with any bill of particulars so as to know with what he was particularly charged; that the act of petitioner complained of by Latimer occurred on September 4, 1947, and that the only eyewitness to said event could not be brought to the hearing, and that plaintiff's application for continuance, duly supported by affidavit, was overruled by the mayor and council. It also alleges that the matter was not heard by the mayor and council at their first meeting after receiving said letter, and that for that reason the jurisdiction of the mayor and council terminated and they had no further jurisdiction.

The petition further alleges that all the acts above enumerated constituted an abuse of jurisdiction and an excess of jurisdiction which prevented plaintiff from having a fair trial, and further alleges that the mayor and council were biased and prejudiced, and therefore disqualified to hear said cause.

When the allegations of the petition are compared with the requirements of section 577, it clearly appears that defendants were not exceeding the jurisdiction vested in them by said section, but that they had jurisdiction of the removal proceedings and were

rightfully exercising the power conferred upon them by that section. It is to be noted that the complaint, although informal, sufficiently set forth the brutal acts complained of, which was one of the grounds for removal stated in said section; that he had notice of the hearing and appeared before the council at the hearing, requested a continuance, and objected to their jurisdiction. Plaintiff does not contend that the complaint was not laid before the council at their first meeting thereafter, but contends that the requirement that it be laid before the council at their first meeting means that the council shall hold a hearing upon the matter at the first meeting after the complaint is filed. We think that the statute contemplates that after the complaint is laid before the council they are to have such time as may be necessary for them to hold a hearing thereon after notifying the accused of the time and place thereof in sufficient time to enable him to prepare his defense and to attend the hearing. From the averments of the petition it appears that this was the course pursued by the city council, and that it was in accord with the provisions of section 577.

In Pine v. Superior Court of Seminole County, 172 Okla. 70, 39 P. 2d 530, we said:

"Prohibition will only lie where the lower tribunal is without jurisdiction or is about to make an unauthorized use of judicial force or power. State ex rel. Haskell v. Huston, 21 Okla. 782, 97 P. 982; Kincannon v. Pugh, 114 Okla. 90, 243 P. 945; O'Brien v. Gassoway, 125 Okla. 97, 256 P. 929; State ex rel. Cameron v. Jones, 165 Okla. 193, 25 P. 2d 648; State ex rel. Tankersley v. District Court, 168 Okla. 426, 33 P. 2d 632."

To the same effect is Sterling Refining Co. v. Walker, 165 Okla. 45, 25 P. 2d 312; Rose v. Arnold, 183 Okla. 286, 82 P. 2d 293, and numerous other decisions found in the notes to art. 7, section 2, O.S.A. Constitution.

In Readdy v. Mallory, 57 Okla. 499, 157 P. 742, we held that prohibition was not the proper remedy where, under the above quoted sections of the statute, the mayor and city council of a city were attempting to remove the city marshal in accordance with the provisions of section 577.

An additional reason supporting the judgment of the trial court in denying the writ is that plaintiff had adequate remedy by appeal from the order of removal, if made, under the provisions of 12 O.S. 1941 §951.

That section provides as follows:

"A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law."

The mayor and city council in a proceeding under section 577 acted in a judicial capacity. Quick v. City of Fairview, 144 Okla. 231, 291 P. 95. They were in so acting a board exercising judicial functions, and inferior in jurisdiction to the district court. While we have not heretofore passed upon this question, the courts of Kansas, from the laws of which state section 951 was adopted, have consistently held that the right of appeal exists in such cases. Bland v. Jackson, 51 Kan. 496, 33 P. 295; Buckland v. Goit, 23 Kan. 327; State v. Sheldon, 2 Kan. 322; Norton v. Graham, 7 Kan. 166.

It is a settled rule in this jurisdiction that the writ of prohibition will not be granted where there is an adequate remedy at law by appeal. Halliburton v. Williams, 166 Okla. 248, 27 P. 2d 360; Short v. Dunn, 180 Okla. 21, 67 P. 2d 18; State ex rel. Britton v. District Judge of Pushmataha County, 181 Okla. 286, 73 P. 2d 457.

Judgment affirmed.

WELCH, CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.