2001 OK CIV APP 104

**Darell R. MATLOCK, Jr. and Cathy L. Matlock, Appellants,**

v.

**STATE of Oklahoma, ex rel., OKLAHOMA TAX COMMISSION, Appellee.**

**No. 95,363.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 3, 2001.

Certiorari Denied July 3, 2001.

Darell R. Matlock, Jr., Tulsa, Oklahoma, for Appellants

Douglas B. Allen, Lyn Martin–Diehl, Oklahoma City, Oklahoma, for Appellee

**OPINION**

CARL B. JONES, Judge:

¶ 1 Appellants, Darell R. Matlock, Jr. and Cathy L. Matlock (Matlocks), are appealing an order by the Appellee, Oklahoma Tax Commission (OTC), wherein it was determined the Matlocks' request that the refund of overpaid 1993 income taxes be applied as a credit to their 1994, 1995, and 1996 returns was barred by 68 O.S. Supp.1997 § 2373. The Matlocks filed and received an extension of time to file their 1993 federal income tax return which then became due on October 15, 1994. This extension extended the 1993 state income tax return date to October 15, 1994. However, the OTC did not receive the Matlocks' 1993 state income tax return until May 7, 1997 which was signed and dated April 30, 1997. The 1993 tax return had a credit of $7,571.00. The Matlocks requested that this refund be credited to their 1994, 1995, and 1996 estimated tax payments. On September 9, 1997, OTC notified the Matlocks that the 1993 refund was barred by § 2373. On May 21, 1998, OTC notified the Matlocks that the 1993 credit would not apply to their 1994 return. On May 22, 1998, OTC notified the Matlocks that the 1993 credit would not apply to their 1995 return. The Matlocks filed their protest. The matter was submitted for decision to an administrative law judge on April 8, 1999. The administrative law judge recommended the protest be denied. OTC issued its order denying the Matlocks' protest. The Matlocks appeal.

■ ¶ 2 The issues on appeal are: 1) whether the Matlocks' 1993 claim and carry-over refund request was untimely; 2) whether the OTC's Rule 710:50–9–2 is an arbitrary overreaching of authority resulting in an infringe-ment of legislative authority; and 3) whether the doctrine of constructive trust is applicable to this matter. When OTC, an administrative agency, acts in its adjudicative capacity, an order issued by it will be affirmed on appeal if the record contains substantial evidence supporting the facts upon which the order is based and the order is free of legal error. *Dugger v. State of Oklahoma ex rel. Oklahoma Tax Com'n, 1992 OK 105, 834 P.2d 964,* 968.

■ ¶ 3 The Matlocks contend their time to file their income taxes was extended, and the three-year limitation began to run from the extended date. We do not agree. The Oklahoma Supreme Court has analyzed 68 O.S. Supp.1997 § 2373 as a statute of repose. Section 2373 provides in pertinent part, "the amount of the refund shall not exceed the portion of the tax paid during the three (3) years immediately preceding the filing of the claim, or, if no claim was filed, then during the three (3) years immediately preceding the allowance of the refund." In *Neer v. State ex rel. Oklahoma Tax Com'n, 1999 OK 41, 982 P.2d 1071,* 1080, the Oklahoma Supreme Court held the statutory period of three years begins to run from the date the refund claim should have been filed even if all of the elements necessary to support a viable refund claim are not present. Here, the refund claim was due on April 15, 1994. Pursuant to the teachings of *Neer,* the extension of time granted the Matlocks did not extend the provisions of § 2373 except in the instances where the federal income tax has been changed or corrected in which case the taxpayer has one year in which to file an amended claim for refund. 68 O.S. Supp. 1997 § 2375(H).[1] There is no evidence in the record that the refund claim was filed as a result of a corrected federal income tax claim. The Matlocks did not file a refund claim until April 30, 1997, fifteen days after the deadline mandated in § 2373. The refund claim is extinguished.

■ ¶ 4 The Matlocks contend Rule 710:50–9–2 issued by the OTC is beyond the

---

1. Although § 2375 was amended in 1998, the pertinent language remains substantially the same as the language in 1997 which is applicable to this litigation.

scope of OTC's authority. The Rule provides:

"When an original return has not been filed, the Commission will not issue a refund on an original Individual Income Tax Return filed 3 years after the original due date of the return. A refund that is 'barred by statute' cannot be used as payment on any delinquent account or applied to estimated tax. Exceptions to the statute of limitations set out in 710:50–5–13 also apply to certain refund situations. [See: 68 O.S. § 2373]"

The rules adopted by an administrative agency under legislative authority are presumed valid and reasonable. The burden to establish otherwise is upon the protestant. *Public Service v. State ex rel. Corporation Com'n,* 1996 OK 43, 918 P.2d 733, 738. Here, it is evident that Rule 710:50–9–2 mirrors § 2373 and the Oklahoma Supreme Court's interpretation of § 2373 in *Neer, supra.* Therefore, Rule 710:50–9–2 is not beyond the scope of authority granted to the OTC by the Legislature in 68 O.S.1991 § 203.

¶5 The Matlocks assert an implied trust should have been imposed on the OTC because the OTC had in the past applied their refund to future taxes. An implied trust or constructive trust arises by operation of law. It is imposed against an individual when the individual obtains legal right to property through fraudulent, abusive means or through a method which violates equity and good conscience. *Matter of Estate of Ingram,* 1994 OK 51, 874 P.2d 1282, 1287. The Matlocks had made the same request on their 1992 tax return which had been filed on March 21, 1995. OTC applied the 1992 tax return to the estimated tax payments for 1993 because the 1992 tax return had been filed within the statutory time period of § 2373. Here, the Matlocks filed their request after the statutory time period. The doctrine of a constructive trust does not apply here as there is no showing of wrongdoing by OTC, rather the Matlocks, themselves, are the ones who did not timely file their refund claim. Accordingly, the order is sustained.

¶6 SUSTAINED.

¶7 ADAMS, P.J., and JOPLIN, J., concur.