OSU-AJ HOMESTEAD MEDICAL CLINIC v. THE OKLAHOMA HEALTH AUTHORITY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:OSU-AJ HOMESTEAD MEDICAL CLINIC v. THE OKLAHOMA HEALTH AUTHORITY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 OSU-AJ HOMESTEAD MEDICAL CLINIC v. THE OKLAHOMA HEALTH AUTHORITY
2018 OK CIV APP 30
416 P.3d 1082
Case Number: 116267; Comp. w/116100; 116504
Decided: 01/19/2018
Mandate Issued: 04/11/2018
A, DIVISION III
IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2018 OK CIV APP 30, 416 P.3d 1082

 

OSU-AJ HOMESTEAD MEDICAL CLINIC, PLC, and MOORE PRIMARY CARE, INC., Petitioners/Appellants,
v.
THE OKLAHOMA HEALTH AUTHORITY, THE OKLAHOMA HEALTH CARE AUTHORITY BOARD, REBECCA PASTERNIK-IKARD, ADMINISTRATOR OF THE OKLAHOMA HEALTH CARE AUTHORITY, Respondents/Appellees.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE LORI M. WALKLEY, TRIAL JUDGE

REVERSED AND REMANDED

James Robert Johnson, Carrie L. Palmer, RESOLUTION LEGAL GROUP, Oklahoma City, Oklahoma, for Petitioner/Appellant,

Maria Maule, Joseph H. Young, OKLAHOMA HEALTH CARE AUTHORITY, Oklahoma City, Oklahoma, for Respondents/Appellees.

BRIAN JACK GOREE, VICE-CHIEF JUDGE:

¶1 Petitioners/Appellants, OSU-AJ Homestead Medical Clinic, PLC, and Moore Primary Care, Inc. (Providers), seek review of the trial court's order granting the motion to dismiss filed by Respondents/Appellees, Oklahoma Health Care Authority, Oklahoma Health Care Authority Board, and Rebecca Pasternik-Ikard, Administrator of the Oklahoma Health Care Authority (collectively Agency), on the grounds that the claims did not meet the standard for a writ of prohibition. We reverse, holding that the petition properly states a justiciable claim for declaratory relief under the Oklahoma Administrative Procedures Act (APA), 75 O.S. 2011 §306.[1]

I. Background

¶2 Agency administers the Medicaid program in Oklahoma. Providers contracted with Agency to provide medical care to persons who receive Medicaid services. Agency audited Providers' billings and issued an audit report requiring that Providers refund substantial amounts of Medicaid payments that Providers had received from Agency.

¶3 Providers petitioned for a declaratory ruling and a writ of prohibition, asserting that Agency performed the audit by applying rules that had not been properly promulgated under the Administrative Procedures Act, 75 O.S. 2011 §§302-308.1. In particular, they alleged that 56 O.S. §1011.9(A)(1) required Agency to "establish a method to deter abuse and reduce errors in Medicaid billing, payment, and eligibility through the use of technology and accountability measures for the Authority, providers, and consumers." They alleged Agency failed to promulgate rules in compliance with §1011.9(A)(1), but instead delegated authority to its Medicaid Director to create and implement standards on an ad hoc basis by issuing numbered memoranda. These memoranda included, among others, one numbered "OHCA 2014-37" establishing requirements for allergy testing services by providers. Providers allege that the numbered memoranda fit within the definition of an administrative rule under 75 O.S. 2011 §250.3(17).[2]

¶4 Providers also alleged that Agency audited them, and they filed an administrative appeal of the audit report. They allege that they then discovered additional unpromulgated audit standards, including statistical analyses and guidelines for authorization, that Agency had applied to Providers. The administrative appeal remained pending at the time Providers filed the petition below.

¶5 Providers further alleged that Agency's promulgated rules, OAC 317:30-3-1 and OAC 317:30-3-2.1, fail to define enforceable standards for billing and audits. OAC 317:30-3-1(f) requires that services provided under the Medicaid Program must meet medical necessity criteria.[3] OAC 317:30-3-2.1 addresses "probability sample audits," stating that the sample claims must be selected based on "recognized and generally accepted sampling methods." The rule does not specify the methods. Providers contend the audits applied numerous requirements and methodologies that were not contained within these promulgated rules, and that those requirements and methodologies were themselves rules within the meaning of the APA.

¶6 Providers also alleged that OAC 317:30-5-4, adopting the Health Care Financing Administration Common Procedure Coding System, including CPT (Current Procedural Terminology) codes, was an improper delegation to the American Medical Association of Agency's authority to establish billing standards. Providers alleged that Agency applied rules retroactively. In addition, they allege that the rule, OAC 317:1-1-9.1, which provides that Agency "may deny record requests in anticipation of litigation," contradicts the Open Records Act, at 51 O.S. §24A.20, which provides,

Access to records which, under the Oklahoma Open Records Act, would otherwise be available for public inspection and copying, shall not be denied because a public body or public official is using or has taken possession of such records for investigatory purposes or has placed the records in a litigation or investigation file.

¶7 Providers also alleged that Agency imposed internal unpromulgated rules defining "personally rendered services" by a Provider under OAC 317-30-3-1(b)[4] and OAC 317:30-3-2[5] as limited to those services performed by staff members who were direct employees of Provider rather than those who were contractors placed by a healthcare employment agency. Providers alleged that in each audit, Agency had no objection to services provided by employees while it did object to services provided by contractors, notwithstanding the identical nature of the services, qualifications, and supervision.

¶8 Providers sought a writ prohibiting Agency from enforcing unpromulgated rules, from applying any rule retroactively, and from interpreting its promulgated rules in any manner not in conformity with the express language. They sought a declaration that use or application of the specified unpromulgated rules was null, void, and unenforceable, and the audit reports predicated on the unpromulgated rules were null, void, and unenforceable.

¶9 Agency moved to dismiss the petition on the grounds that Providers' claims did "not meet the standard for a writ of prohibition." Agency attached to its motion a copy of its general provider agreement, an email relating to an open records request from Providers' attorney, Providers' grievance request, and a copy of an advertisement by Providers' attorney. Agency asserted that its attachment of the documents did not convert the motion to dismiss into one for summary judgment. However, its motion argued the merits of Providers' claims.

¶10 In response, Providers similarly argued the merits of their claims. In addition, they asserted that their petition supported a present and justiciable cause of action.

¶11 The trial court granted the motion to dismiss on the grounds it failed to state a claim upon which relief may be granted. Providers appeal from this order.

II. Standard of Review

¶12 Although the motion to dismiss presented matters outside the pleadings, the attachments did not relate to issues of fact and the trial court did not convert the motion to one for summary judgment under 12 O.S. 2011 §2012(B). Therefore, we will treat the ruling below as a disposition by dismissal. We review a disposition by dismissal under a de novo standard. May v. Mid-Century Ins. Co., 2006 OK 100, ¶10, 151 P.3d 132, 136. The purpose of a motion to dismiss is to test the law that governs the claims, not the underlying facts. Id. For the purposes of reviewing a ruling on a motion to dismiss, we take the allegations of the petition as true. Indiana Nat. Bank v. State Dept. of Human Services, 1994 OK 98, ¶3, 880 P.2d 371, 375. Motions to dismiss are viewed with disfavor, and the burden is on the movant of showing the legal insufficiency of the petition. Id. A plaintiff is required neither to identify a specific theory of recovery nor to set out the correct remedy or relief to which he may be entitled. Darrow v. Integris Health, Inc., 2008 OK 1, ¶7, 176 P.3d 1204, 1208-1209. Oklahoma is a notice pleading state, and all that is required for notice pleading is that the petition give fair notice of the claim and the grounds upon which it rests. Gens v. Casady School, 2008 OK 5, ¶ 9, 177 P.3d 565, 569.

III. Analysis

¶13 Section 306 of the APA authorizes the district court to determine the validity or applicability of a rule in a declaratory action if the plaintiff alleges that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, the plaintiff's legal rights or privileges. Pursuant to §306(D), the plaintiff need not exhaust administrative remedies prior to seeking declaratory relief.

¶14 Under the APA, a rule includes any agency statement of general applicability and future effect that implements, interprets, or prescribes law, policy, procedure, or practice of the agency as it applies to the public. 75 O.S. 2011 §250.3(17). It does not include statements concerning only the internal management of an agency and not affecting the private rights of the public. §250.3(17)(c). The Legislature defined "rule" broadly so as to prevent an agency from circumventing the procedural requirements of the APA by using labels such as "bulletins" or "guides," which amount to rules in legal operation and effect. Grand River Dam Auth. v. State, 1982 OK 60, ¶9, 645 P.2d 1011, 1014. In determining whether something is a rule, the court should look not to the mode by which it was created but to its impact or effect. Id. at ¶17.

¶15 When a rule is challenged under the APA, the burden of proof shifts to the promulgating agency to show:

1. that the agency possessed the authority to promulgate the rule;

2. that the rule is consistent with any statute authorizing or controlling its issuance and does not exceed statutory authority;

3. that the rule is not violative of any other applicable statute or the Constitution; and

4. that the laws and administrative rules relating to the adoption, review and promulgation of such rules were faithfully followed.

§306(C). If the agency fails to meet its burden, the petitioner is entitled to a judgment declaring that the rule is invalid.[6]

¶16 Providers' petition properly states a claim for declaratory relief under §306. The petition alleges Agency has made statements that meet the definition of a rule under the APA but were not promulgated in compliance with the APA. It also alleges that Agency has promulgated rules that are inconsistent with statutory authority. Providers allege that these rules interfere with or impair their legal rights or privileges. They have established that at the time the petition was filed, Agency had not entered a final order in an individual proceeding determining Providers' rights. The petition is legally sufficient to establish a justiciable controversy as to whether Agency's statements were unpromulgated rules and whether the promulgated rules were consistent with Agency's statutory authority.

¶17 On remand, Providers bear the burden of showing that the statements it challenges as unpromulgated rules were rules within the meaning of §250.3(17) of the APA. The burden then shifts to Agency to negate Providers' assertions or show that the rules were properly promulgated. With regard to the Oklahoma Administrative Code rules challenged as improper, the burden has already shifted to Agency to establish the requirements of §306(C).

¶18 The petition does not otherwise state any claim for relief. Prohibition is an extraordinary remedy, not to be resorted to where usual remedies are available. Kutch v. Cosner, 1950 OK 48, ¶0, 470, 215 P.2d 300. It lies only where a lower tribunal is without jurisdiction or is about to make an unauthorized use of judicial power. Id. A necessary element is that the injury cannot be remedied by another means. Umholtz v. City of Tulsa, 1977 OK 98, ¶6, 565 P.2d 15, 18. Prohibition could lie to prevent an administrative agency from exercising unauthorized quasi-judicial power. Id. at ¶11.

¶19 However, extraordinary relief is inappropriate where another remedy is available. It is undisputed that Providers are pursuing relief in the district court while their appeal of the recoupment decision has been stayed. Where relief is available from an administrative agency, it must ordinarily be pursued before proceeding to the courts. Okla. Pub. Welfare Comm'n v. State ex rel. Thompson, 1940 OK 364, ¶¶8-9, 105 P.2d 547, 549. Insofar as Providers desire prohibition to reverse the decision on recoupment, that relief is available in the agency action that has been stayed. A petitioner should not be permitted to obtain a stay in an agency action in order to pursue the same relief by extraordinary remedy in the district court.

¶20 For the foregoing reasons, the trial court's order dismissing the petition is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

SWINTON, P.J., and MITCHELL, J., concur.

FOOTNOTES

[1] 75 O.S. 2011 §306 provides,

A. The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the county of the residence of the person seeking relief or, at the option of such person, in the county wherein the rule is sought to be applied, if it is alleged the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

B. The agency shall be made a party to the action.

C. Rules promulgated pursuant to the provisions of the Administrative Procedures Act are presumed to be valid until declared otherwise by a district court of this state or the Supreme Court. When a rule is appealed pursuant to the Administrative Procedures Act, it shall be the duty of the promulgating agency to show and bear the burden of proof to show:

1. that the agency possessed the authority to promulgate the rule;

2. that the rule is consistent with any statute authorizing or controlling its issuance and does not exceed statutory authority;

3. that the rule is not violative of any other applicable statute or the Constitution; and

4. that the laws and administrative rules relating to the adoption, review and promulgation of such rules were faithfully followed.

The provisions of this subsection shall not be construed to impair the power and duty of the Attorney General to review such rules and regulations and issue advisory opinions thereon.

D. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

[2] 75 O.S. 2011 §250.3(17) provides,

"Rule" means any agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of the agency. The term "rule" includes the amendment or revocation of an effective rule but does not include:

a. the issuance, renewal, denial, suspension or revocation or other sanction of an individual specific license,

b. the approval, disapproval or prescription of rates. For purposes of this subparagraph, the term "rates" shall not include fees or charges fixed by an agency for services provided by that agency including but not limited to fees charged for licensing, permitting, inspections or publications,

c. statements and memoranda concerning only the internal management of an agency and not affecting private rights or procedures available to the public,

d. declaratory rulings issued pursuant to Section 307 of this title,

e. orders by an agency, or

f. press releases or "agency news releases", provided such releases are not for the purpose of interpreting, implementing or prescribing law or agency policy;...

[3] Subsection f specifies that:

Medical necessity is established through consideration of the following standards:

(1) Services must be medical in nature and must be consistent with accepted health care practice standards and guidelines for the prevention, diagnosis or treatment of symptoms of illness, disease or disability;

(2) Documentation submitted in order to request services or substantiate previously provided services must demonstrate through adequate objective medical records, evidence sufficient to justify the client's need for the service;

(3) Treatment of the client's condition, disease or injury must be based on reasonable and predictable health outcomes;

(4) Services must be necessary to alleviate a medical condition and must be required for reasons other than convenience for the client, family, or medical provider;

(5) Services must be delivered in the most cost-effective manner and most appropriate setting; and

(6) Services must be appropriate for the client's age and health status and developed for the client to achieve, maintain or promote functional capacity.

[4] OAC 317-30-3-1(b) provides:

Payment to practitioners under Medicaid is made for services clearly identifiable as personally rendered services performed on behalf of a specific patient. There are no exceptions to personally rendered services unless specifically set out in coverage guidelines.

[5] OAC 317:30-3-2 provides in relevant part:

In order to be eligible for payment, providers must have on file with OHCA, an approved Provider Agreement.

[6] A number of cases continue to cite pre-1987 case law for the proposition that the burden of establishing a rule is invalid is upon the protestant. Eg., Matlock v. State ex rel. Okla. Tax Comm'n, 2001 OK CIV APP 104, ¶4, 29 P.3d 614, 616, which cites Public Service Co. of Oklahoma v. State ex rel. Corp. Comm'n ex rel. Loving, 1996 OK 43, 918 P.2d 733, 738, which in turn cites J. Brotton Corp. v. Oklahoma Alcoholic Beverage Laws Enforcement Comm'n, 1991 OK 126, ¶5, 822 P.2d 683 (Okla.1991) and Toxic Waste Impact Group Inc. v. Leavitt, 755 P.2d 626 (Okla.1988). The latter cases cite pre-1987 cases without examining the effect of the 1987 statutory change.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 104, 29 P.3d 614, 72 OBJ 2451, MATLOCK v. STATE ex. rel. OKLAHOMA TAX COMMISSION
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 20, 755 P.2d 626, 59 OBJ 599, Toxic Waste Impact Group, Inc. v. Leavitt
Cited
 1940 OK 364, 105 P.2d 547, 187 Okla. 654, OKLAHOMA PUB. WELFARE COMM'N v. STATE ex rel. THOMPSON
Discussed
 1991 OK 126, 822 P.2d 683, 62 OBJ 3758, J. Brotton Corp. v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n
Discussed
 1994 OK 98, 880 P.2d 371, 65 OBJ 2520, Indiana Nat. Bank v. State Dept. of Human Services
Discussed
 1996 OK 43, 918 P.2d 733, 67 OBJ 1021, Public Service Co. of Oklahoma v. Oklahoma Corp. Comm.
Discussed
 2006 OK 100, 151 P.3d 132, MAY v. MID-CENTURY INSURANCE COMPANY
Discussed
 2008 OK 1, 176 P.3d 1204, DARROW v. INTEGRIS HEALTH, INC.
Discussed
 2008 OK 5, 177 P.3d 565, GENS v. CASADY SCHOOL
Discussed
 1977 OK 98, 565 P.2d 15, UMHOLTZ v. CITY OF TULSA
Discussed
 1982 OK 60, 645 P.2d 1011, Grand River Dam Authority v. State
Discussed
 1950 OK 48, 215 P.2d 300, 202 Okla. 470, KUTCH v. COSNER
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 24A.20, Access to Records in Possession of Public Body or Official for Investigatory Purposes
Cited
Title 56. Poor Persons
 Cite
Name
Level

 56 O.S. 1011.9, Development of Method to Deter Medicaid Abuse and Errors in Billing, Payment, and Eligibility - Report Concerning Use of Extrapolation Method
Cited
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 250.3, Definitions
Discussed at Length
 75 O.S. 306, Validity or Applicability of Rules - Action - Parties - Presumption of Validity - Burden Of Proof When Rule Appealed - Declaratory Judgment
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA